**Felix Joseph RUIZ, Jr.**

v.

**PLIMSOLL MARINE, INC.**

**Civ. A. No. 90–180–B.**

United States District Court, M.D. Louisiana.

Jan. 27, 1992.

As Corrected March 1, 1992.

---

316

J. Peyton Parker, Jr., Baton Rouge, La., for Felix Joseph Ruiz, Jr.

Timothy F. Burr, Galloway, Johnson, Tompkins & Burr, New Orleans, La., for Plimsoll Marine, Inc.

## RULING ON DEFENDANT'S MOTION FOR JUDGMENT NOTWITHSTANDING THE VERDICT OR, IN THE ALTERNATIVE, REMITTITUR

POLOZOLA, District Judge.

On November 15, 1991, a jury awarded $30,000 in future medical cure to the plaintiff for injuries to his knee.

Defendant has timely moved for judgment notwithstanding the verdict, or in the alternative, remittitur. In determining whether to grant this motion, the Court is bound by the standard set forth by the Fifth Circuit in the en banc decision of *Boeing Co. v. Shipman*, 411 F.2d 365 (5th Cir.1969):

On motions for directed verdict and for judgment notwithstanding the verdict the Court should consider all of the evidence—not just that evidence which supports the non-mover's case—but in the light and with all reasonable inferences most favorable to the party opposed to the motion. If the facts and inferences point so strongly and overwhelmingly in favor of one party that the Court believes that reasonable men could not arrive at a contrary verdict, granting of the motions is proper. On the other hand, if there is substantial evidence opposed to the motions, that is, evidence of such quality and weight that reasonable and fair-minded men in the exercise of impartial judgment might reach different conclusions, the motions should be denied, and the case submitted to the jury. ... However, it is the function of the jury as the traditional finder of the facts and not the Court, to weigh conflicting evidence and inferences, and determine the credibility of the witnesses. 411 F.2d 365, 374–375 (footnotes omitted).

The defendant relies on several grounds to support his motion. Defendant first claims that the plaintiff forfeited his right to maintenance and cure by concealing his prior knee injuries during a pre-employment physical examination. Defendant relies on *McCorpen v. Central Gulf S.S. Corp.*, 396 F.2d 547, 549 (5th Cir.1968), *cert. denied* 393 U.S. 894, 89 S.Ct. 223, 21 L.Ed.2d 175 (1968), wherein the court stated that "where the shipowner requires a seaman to submit to a pre-hiring medical examination or interview and the seaman intentionally misrepresents or conceals material medical facts, the disclosure of which is plainly desired, then he is not entitled to an award of maintenance and cure." This standard was part of the instructions which the court gave to the jury and which was also incorporated into the special interrogatories sent to the jury. These special interrogatories were approved by counsel for all parties.

In response to Question No. 10, the jury found that plaintiff intentionally misrepresented or concealed his prior medical condi-

tion to defendant at the time of his employment. This answer required the jurors to proceed to Question No. 11, which stated: "Was the misrepresentation or concealment material to Plimsoll's decision to hire Felix Ruiz, Jr.?" The jury answered "No" to this question and were therefore instructed to skip the following question. Both of the jury's answers were supported by evidence presented at the trial.

■ Defendant claims that because questions about previous injuries were asked on a medical history questionnaire completed by plaintiff, the nondisclosure was material to its decision to hire him as a matter of law. However, defendant's interpretation of the Fifth Circuit decision in *McCorpen* fails to include the word "material" in the standard enunciated in *McCorpen*. The forfeiture of maintenance and cure argument is an affirmative defense. Under *McCorpen*, defendant had the burden of proving each element of this defense: (1) concealment, (2) *materiality* and (3) a causal link between prior and subsequent injuries. The question of whether defendant would have hired plaintiff had plaintiff disclosed a previous injury is a fact question for the jury to decide. There was ample evidence presented at the trial to show that plaintiff had worked several years as a deck hand for several companies, working long hours at hard manual labor. In light of this evidence, a reasonable and fair-minded jury could have found that plaintiff's nondisclosure was not material to defendant's decision to hire plaintiff. When the evidence is also considered in the light most favorable to the plaintiff, this Court cannot reverse the jury's decision under the *Boeing* standard.

Because the jury found that the concealment of a prior injury was not material to defendant's decision to hire plaintiff, defendant failed to prove an element of its affirmative defense. The special interrogatories, approved by counsel for defendant, reflected the necessity of proving each element of the affirmative defense. The jury did not need to consider whether, under *McCorpen*, there was a causal link between the prior and subsequent injuries.

■ Alternatively, defendant moves for a remittitur. The defendant argues that the record is totally void of any evidence to support the jury's award of $30,000 for future cure. The only evidence presented at trial of the cost of future medical treatment was the testimony of Dr. William Smith, who stated that knee surgery for the plaintiff and subsequent therapy would cost, at most, $6,000. Defendant relies on *Simeon v. T. Smith & Son, Inc.*, 852 F.2d 1421 (5th Cir.1988), for the proposition that the jury's award of $30,000, with no evidence in the record to support it, was necessarily based on impermissible conjecture. The Court agrees there was no evidence in the record to support the jury's award of $30,000. The maximum recovery for future cure supported by the record in this case is $6,000.

Therefore, IT IS ORDERED that defendant's Motion for Judgment Notwithstanding the verdict be and it is hereby denied.

IT IS FURTHER ORDERED that defendant's Alternative Motion for Remittitur is hereby granted. Plaintiff shall have 15 days to advise the Court whether it will accept a remittitur of $24,000 thereby reducing the verdict to $6,000 for cure. If plaintiff fails to accept the remittitur, the Court shall order a new trial solely on the issue of the amount of future cure.