**Randal McNAUGHTON and Jo McNaughton, Plaintiffs,**

**v.**

**EXXON SHIPPING CO., Defendant.**

**No. C–91–2329 DLJ.**

United States District Court, N.D. California.

Aug. 13, 1992.

---

12. *State v. Coley,* 158 Ariz. 471, 763 P.2d 535 (App.1988) *review denied* by the Arizona Supreme Court, November 15, 1988.

Martin J. Jarvis, Kopp & Di Franco, San Francisco, CA, for plaintiffs.

Mark O. Kasanin, McCutchen, Doyle, Brown & Enersen, San Francisco, CA, for defendant.

## ORDER

JENSEN, District Judge.

On March 25, 1992, this Court heard defendant's motion for summary judgment. At the hearing, Martin Jarvis of Kopp & DiFranco appeared for plaintiffs and Mark Kasanin of McCutchen, Doyle, Brown, & Enersen appeared for defendant. Having considered the papers submitted, the arguments of counsel, the applicable law, and the entire record herein, the Court GRANTS defendant's motion for summary judgment.

## I. BACKGROUND

This is an action arising from a slip-and-fall incident aboard an Exxon oil-tanker, a ship owned by Exxon Shipping Company ("ESC"). Plaintiff alleges that he sustained injuries aboard defendant Exxon's tanker, the North Slope, while he was employed as the Chief Pumpman. On July 19, 1989 the North Slope was lightering its cargo of crude oil onto a smaller vessel in San Francisco Bay. During this transfer, plaintiff claims that he slipped, fell, and was injured. The plaintiff attributes two factors to the cause of his fall: (1) his insecure footing related to the presence of coils of line improperly left on the deck beneath his feet, and (2) the absence of the proper non-skid paint on the steel deck.

Following this accident plaintiff visited Dr. Baer, a San Francisco physician to whom he was sent by Exxon. He then returned to his home in Calhoun, Louisiana where he sought the care of his own physicians including Dr. Nawas, his primary care physician, and a Dr. Bailey. Dr. Nawas performed arthroscopic surgery on plaintiff's knee and plaintiff has undergone physical therapy since that time. He has since resumed his career as a seaman.

Plaintiff was a member of a labor union, the Exxon Seaman Union. As a result of his temporary disability, plaintiff received "maintenance and cure" payments at the rate of eight dollars per day as was arranged in the disability plan negotiated between ESC and the labor union. On April 12, 1991, plaintiff's benefits were raised to twenty dollars per day pursuant to a new collective bargaining agreement between ESC and the union. *See* Plaintiff's Affidavit, at 3. Plaintiff now alleges that this daily rate of maintenance is not binding upon him because it does not provide him with the actual cost of maintenance necessary for reasonable food and shelter in the Monroe, Louisiana area. Plaintiff assesses that he is actually entitled to sixty-one dollars per day, which would cover three meals and lodging ashore.

Not only is the amount of adequate maintenance and cure in dispute, but the time period for which plaintiff was entitled to this disability is also in contention. Although defendant alleges that plaintiff reached "maximum possible cure" (the point at which no further improvement is anticipated) when Dr. Nawas so indicated in his letter dated January 28, 1991, plaintiff introduces evidence that he in fact had not reached maximum cure at this time. Instead, plaintiff claims that he was placed on a special diet for which he had not

reached maximum cure when defendant ceased disability payments.

Plaintiff's wife, Jo McNaughton, has also joined a loss of consortium and spousal services claim that she alleges arises out of painful and disabling personal injuries that her husband sustained as a member of the crew of the North Slope. Plaintiff claims that this recovery is actually pecuniary in nature and thus, not barred by recent Supreme Court authority. Because ESC has ceased payments, plaintiff seeks an award of reasonable attorney's fees for "willfully and deliberately" failing to provide maintenance and cure since late January.

Defendant now brings this motion for summary judgment on three of plaintiff's claims. First, defendant argues that plaintiff Randal McNaughton is not entitled, as a matter of law, to additional maintenance and cure payments. Second, defendant claims that plaintiffs are not entitled to recover attorney's fees for pursuing this action. Third, defendant argues that plaintiffs' loss of consortium and spousal service claims are barred as a matter of law.

## II. STANDARD FOR SUMMARY JUDGMENT

Rule 56 governs motions for summary judgment. This rule states that summary judgment may be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(e).

In a motion for summary judgment, "[i]f the party moving for summary judgment meets its initial burden of identifying for the court those portions of the materials on file that it believes demonstrates the absence of any genuine issues of material fact," the burden of production then shifts so that "the nonmoving party must set forth, by affidavit or as otherwise provided in Rule 56, 'specific facts showing that there is a genuine issue for trial.'" *T.W. Electrical Service, Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir.1987) (citing *Celotex Corp. v. Catrett*,

477 U.S. 317, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986); *Kaiser Cement Corp. v. Fischbach & Moore, Inc.*, 793 F.2d 1100, 1103–04 (9th Cir.), *cert. denied*, 479 U.S. 949, 107 S.Ct. 435, 93 L.Ed.2d 384 (1986)) (emphasis in original).

When judging the evidence at the summary judgment stage, the Court does not make credibility determinations or weigh conflicting evidence, and is required to draw all inferences in a light most favorable to the nonmoving party. *T.W. Electrical*, 809 F.2d at 630–31 (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986)); *Ting v. United States*, 927 F.2d 1504, 1509 (9th Cir.1991). Regardless of who is the moving party, each party must "establish the existence of the elements essential to [its] case, and on which [it] will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322, 106 S.Ct. at 2552. The standard for judging a motion for summary judgment is the same standard used to judge a motion for a directed verdict: "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986).

In meeting their burdens of proof, each party must come forward with admissable evidence. Fed.R.Civ.P. 56(e). Conclusory, speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact and defeat summary judgment. *See Falls Riverway Realty, Inc. v. Niagara Falls*, 754 F.2d 49 (2nd Cir.1985); *Thornhill Publishing Co. v. GTE Corp.*, 594 F.2d 730, 738 (9th Cir. 1979). Hearsay statements found in affidavits are inadmissable. *See, e.g., Fong v. American Airlines, Inc.*, 626 F.2d 759, 762–63 (9th Cir.1980). Plaintiffs must ultimately persuade the Court in opposing summary judgment that they will have sufficient admissible evidence to justify going to trial.

## III. DISCUSSION

### A. Maintenance and Cure

Plaintiff's third cause of action is for maintenance and cure payments. He claims that he is entitled to higher payments than those received pursuant to the disability plan. Plaintiff also contends that when the collective bargaining agreement expired, the agreed upon rate no longer could be enforced.

As a general matter, an injured seaman is entitled to receive maintenance and cure from the date of departure from the ship upon which the injury was sustained, to the time of maximum possible cure which is the time when no further physical improvement is reasonably expected. *See Vella v. Ford Motor Company,* 421 U.S. 1, 5, 95 S.Ct. 1381, 1384, 43 L.Ed.2d 682 (1975); Ninth Circuit Manual of Model Jury Instructions § 14.02I (1985). However, a seaman who collects disability (maintenance and cure) pursuant to a collective bargaining agreement is not entitled to an amount greater than that indicated in the contract. *See Thomas v. Humble Oil & Refining Company,* 420 F.2d 793, 794–95 (4th Cir.1970) (interpreting a collective bargaining agreement with the same maintenance and cure provision as the one at issue in this case).

In *Gardiner v. Sea–Land Service, Inc.,* 786 F.2d 943 (9th Cir.1986), *cert. denied,* 479 U.S. 924, 107 S.Ct. 331, 93 L.Ed.2d 303 (1986), a case directly on point, the Ninth Circuit addressed the issue of "whether the provision in a seaman's collective bargaining agreement calling for a rate of maintenance will be held binding and will be enforced even if, when viewed in isolation, the rate fixed in the agreement is inadequate." *Id.* at 945. The court held that the maintenance rates expressed in the collective bargaining agreement should be enforced. *Id.* at 948. This holding is based on concern that collective bargaining agreements be upheld and on the realization that a court is unable to speculate on the adequacy of the maintenance rate in isolation from the total package that has

been negotiated between the parties. *See id.* at 948–49.

The Court finds that this action falls squarely within the Ninth Circuit rule. Plaintiff's rate of maintenance and cure was assessed pursuant to a controlling collective bargaining agreement between his union and ESC. Although in the absence of such an agreement, plaintiff might be entitled to present evidence supporting his demand for greater recovery, there is no basis for the Court to disregard the terms of this bargaining agreement and allow plaintiff to recover more than the contractual amount. Further, the Court agrees with defendant that labor law, rather than admiralty law, governs the terms of the collective bargaining agreement and thus, the old agreement remained in force until such time and unless there is an impasse in negotiation. Summary judgment is therefore GRANTED for defendant Exxon on this claim.

### B. Attorneys' Fees

Plaintiffs next seek attorney's fees for defendant's failure to pay disabilities for the entire period of maintenance and cure. In *Vaughan v. Atkinson,* 369 U.S. 527, 533, 82 S.Ct. 997, 1001, 8 L.Ed.2d 88 (1962), the Supreme Court held that attorney's fees incurred in order to secure a maintenance and cure award may be recovered in addition to the usual items such as medical care, food, and lodging. The Ninth Circuit has interpreted the scope of *Vaughan* as allowing attorney's fees only when the failure to provide maintenance and cure was arbitrary, recalcitrant, or unreasonable. *See Kopczynski v. THE JACQUELINE,* 742 F.2d 555, 559 (9th Cir. 1984). In *Vaughan,* for example, attorney's fees were awarded because the Court found that respondents were "callous in their attitude, making no investigation of libellant's claim and by their silence neither admitting or denying it." *Id.,* 369 U.S. at 529, 82 S.Ct. at 999.

Courts awarding attorney's fees in these kinds of cases have based the award on a defendant's complete failure to pay *any* maintenance and cure as opposed to simply

ceasing to do so. *See, e.g., Vaughan,* 369 U.S. at 529, 82 S.Ct. at 999; *Kopczynski,* 742 F.2d at 559. Even if early termination of disability benefits could be the basis for a claim of attorney's fees, the Court would still have to find that defendant acted with the requisite recalcitrance to justify such an award.

Exxon was clearly not acting in an arbitrary, callous or unreasonable manner. First, defendant is not guilty of failing to pay maintenance and cure altogether. Additionally, payments were made pursuant to the collective bargaining agreement to which both parties were bound. Moreover, given the Ninth Circuit rule as established in *Gardiner,* plaintiff's claim for additional maintenance and cure may be without legal basis. Most importantly, the Court finds that plaintiff was paid an adequate rate of maintenance and cure such that a motion for attorney's fees is inapplicable. Accordingly, defendant's motion for summary judgment is GRANTED as it relates to attorney's fees.

### C. Loss of Consortium and Spousal Services

■ Plaintiffs' fourth cause of action is for loss of consortium and spousal services. This claim is based on Jo McNaughton's losses suffered as a result of her husband's injury. Defendant asserts that there is no claim for these types of damages available in federal law. Plaintiffs concede that there may not be a cause of action for loss of consortium in this Circuit but contend that loss of spousal services is pecuniary.

The recent Supreme Court decision of *Miles v. Apex Marine Corp.,* 498 U.S. 19, 111 S.Ct. 317, 112 L.Ed.2d 275 (1990), was an express attempt to unify the forms of non-pecuniary recovery available under the Jones Act, Death on the High Seas Act, and general maritime law. The Court reiterated the "constitutionally based principle that federal admiralty law should be a 'sys-

tem of law coextensive with, and operating uniformly in, the whole country.' " *Id.* at 27, 111 S.Ct. at 323 (citing *Moragne v. States Marine Lines, Inc.,* 398 U.S. 375, 402, 90 S.Ct. 1772, 1788, 26 L.Ed.2d 339 (1970)).

*Miles* noted that the Jones Act makes applicable to seamen the substantive recovery provisions of the Federal Employers' Liability Act ("FELA"), 45 U.S.C. § 51. *Miles* held that because courts had already established that FELA only permitted recovery for pecuniary damages, remedies available under the Jones Act are similarly limited. *Miles,* 498 U.S. at 31–32, 111 S.Ct. at 325. *Miles* accordingly held that there is no recovery for loss of society under the Jones Act.[1] *Id.*

Although recognizing that the circuits differ as to whether a spouse has an action for non-pecuniary relief pursuant to the Jones Act and general maritime law, the *Miles* court held that "there is no recovery for loss of society in a general maritime action for the wrongful death of a Jones Act seaman," *Id.* at 33, 111 S.Ct. at 326, and further noted that, "today we restore a uniform rule applicable to all actions for the wrongful death of a seaman, whether under DOHSA, the Jones Act, or general maritime law." *Id.* Accordingly, plaintiff's loss of consortium and spousal services claim is not valid. Although plaintiff's claim might have been cognizable prior to 1990, it is clearly barred today.

Further, there is Ninth Circuit authority addressing the issue of damages recoverable before the decision in *Miles.* In *Nygaard v. Peter Pan Seafoods, Inc.,* 701 F.2d 77, 79 (9th Cir.1983), the court held that non-pecuniary losses, such as loss of society in this case, may not be recovered under the Jones Act. In *Bergen v. F/V ST. PATRICK,* 816 F.2d 1345 (9th Cir. 1987), the court affirmed the fact that pecuniary damages are available under the

1. Damages for loss of consortium or spousal services are similar to loss of society in that they are non-pecuniary in nature. Consortium however, generally includes such "pecuniary" elements as loss of services and such nonpecuniary components as love, companionship, affec-

tion, society, sexual relations, comfort, and solace. *Cruz v. Hendy Intern. Co.,* 638 F.2d 719, 722 (5th Cir.1981) (citing *Sea–Land Services, Inc. v. Gaudet,* 414 U.S. 573, 587 n. 17, 94 S.Ct. 806, 815 n. 17, 39 L.Ed.2d 9 (1974)).

Jones Act, "but where an unseaworthiness claim is joined with a Jones Act claim only the Fifth Circuit has held that punitives are available." *Id.* at 1347. And finally, in *Kopczynski v. THE JACQUELINE*, 742 F.2d at 560–61, the court limited Jones Act damages to pecuniary losses, clarified that punitive damages are not pecuniary, and noted that any argument that punitives ought to be available should be addressed to Congress.

Plaintiff cites two Supreme Court cases to support her right to recovery for loss of consortium, *Sea–Land Services, Inc. v. Gaudet*, 414 U.S. 573, 94 S.Ct. 806, 39 L.Ed.2d 9 (1974), and *Moragne v. States Marine Lines, Inc.*, 398 U.S. 375, 90 S.Ct. 1772, 26 L.Ed.2d 339 (1970). She bases her claim on two arguments: (1) that because *Miles* is a death case it should not apply to cases involving non-fatal personal injuries, and (2) that even if *Miles* properly limits plaintiffs to pecuniary recovery, spousal services are pecuniary in nature and therefore, recoverable.

The holding in the first case is inapplicable because it only governs longshoremen injuries in territorial water (Randal McNaughton is a seaman rather than a longshoreman). *Miles*, 498 U.S. at 31–32, 111 S.Ct. at 325. The other case, *Moragne*, is expressly relied upon in *Miles* to support its holding and is therefore adverse to the plaintiff's case. *Id.* at 21–24, 111 S.Ct. at 320–21. *Moragne* only stands for the principle that the Jones Act does not foreclose nonstatutory federal remedies in a DOHSA action.

On the basis of this line of authority, it is difficult to find a genuine issue of material fact in dispute regarding Jo McNaughton's claim for loss of consortium and spousal services. Although the court may find that spousal services are pecuniary in nature and thus not foreclosed by the decision in *Miles*, the one case indicating that such an interpretation is feasible, *Cruz*, 638 F.2d at 722, is a Fifth Circuit case and is impliedly overruled by *Miles*.

Further, Randal McNaughton is injured, not dead. He is recovering in his home in Louisiana and only suffers from an injured leg (and possible dietary complications). Those cases allowing recovery for loss of consortium (or hinting that the Court could do so) involved either death of a seaman, or serious bodily injury (i.e., loss of an eye, *American Export Lines, Inc. v. Alvez*, 446 U.S. 274, 274, 100 S.Ct. 1673, 1674, 64 L.Ed.2d 284 (1980), or permanent disablement, *Cruz*, 638 F.2d at 721). Plaintiff Jo McNaughton's pain and suffering do not compare with the potential loss incurred from death or permanent disablement. Defendant's motion for summary judgment for this fourth cause of action is therefore GRANTED.

### IV. CONCLUSION

For the foregoing reasons, defendant's motion for summary judgment on plaintiffs' third and fourth causes of action is GRANTED. The parties shall appear for a status conference on September 2, 1992 at 9:00 a.m.

IT IS SO ORDERED.