618 So.2d 1033 (1993)
Steven Wayne PERRY, Plaintiff-Appellee,
v.
ALLIED OFFSHORE MARINE CORP., et al., Defendants-Appellants.
No. CA 92 0390.
Court of Appeal of Louisiana, First Circuit.
April 23, 1993.
*1034 R. Scott Ramsey, Jr., R. Scott Ramsey, Jr., Ltd., Berwick, for plaintiff/appellee.
Arthur A. Crais, Jr., New Orleans, for Shell Oil Co.
John B. Peuler, Johnson & McAlpine, New Orleans, for Allied Offshore Marine Corp./appellant.
Before WATKINS, CRAIN and GONZALES, JJ.
GONZALES, Judge.
This is an action by a seaman to recover remedies related to injuries he allegedly sustained while working for defendant, Allied Offshore Marine Corporation (hereinafter "Allied") as a deckhand aboard the M/V Citation. The accident in question occurred on April 24, 1990. Suit was filed November 20, 1990. On August 8, 1991, plaintiff, Steven Wayne Perry, filed a "Motion and Order for Payment of Maintenance and Cure", which was set on the lower court docket as a rule to show cause why maintenance and cure should not be paid. In response to this motion, defendant filed a "Dilatory Exception to Improper Use of Summary Process"; the matters were heard by the lower court on September 6, 1991. Judgment was rendered by the trial court on September 30, 1991, dismissing defendant's exception and ordering defendant to pay maintenance and cure at the rate of $25.00 per day and to pay for all cure until plaintiff reaches maximum medical cure. From this judgment, Allied has appealed and asserts the following assignments of error:
(1) The trial court erred in denying Allied Offshore Marine Corporation's Dilatory Exception of Improper Use of Summary Proceeding.
(2) The trial court erred in awarding the plaintiff maintenance and cure on a Rule to Show Cause, a summary proceeding.
Article 2592 of the Louisiana Code of Civil Procedure provides:
Summary proceedings may be used for trial or disposition of the following matters only:

(1) An incidental question arising in the course of judicial proceedings, including the award of and the determination of reasonableness of attorney's fees.
(2) An application for a new trial.
(3) An issue which may be raised properly by an exception, contradictory motion, or rule to show cause.
(4) An action against the surety on a judicial bond after judgment has been obtained against the principal, or against both principal and surety when a summary proceeding against the principal is permitted.
(5) The homologation of a judicial partition, of a tableau of distribution or account filed by a legal representative, or of a report submitted by an auditor, accountant, or other expert appointed by the court; and an opposition to any of the foregoing, to the appointment of a legal representative, or to a petition for authority filed by a legal representative.
(6) A habeas corpus, mandamus, or quo warranto proceeding.
(7) The determination of the rank of mortgages, liens and privileges on property sold judicially, and of the order of distribution of the proceeds thereof.
(8) The original granting of, subsequent change in, or termination of custody, visitation, and support for a minor child; support for a spouse; injunctive relief; support between ascendants and descendants; use and occupancy of the family home or use of community movables or immovables; or use of personal property.
(9) An action to annul a probated testament under Article 2931.
(10) An action to enforce the right to a written accounting provided for in R.S. 9:2776.
(11) All other matters in which the law permits summary proceedings to be used.
[Emphasis added.]
*1035 Plaintiff/appellee cites sections (1)[1] and (11) in support of his contention that he was entitled to proceed in summary fashion to obtain a ruling of his claim for maintenance and cure. The application of La. C.C.P. art. 2592 was considered in State of Louisiana, Through the Department of Highways v. Lamar Advertising Company of Louisiana, Inc., 279 So.2d 671 (La. 1973), wherein it was stated that the "use of the word `only' makes it clear that the listing in Article 2592 is exclusive, and not merely illustrative." The Lamar court further reasoned that "unless plaintiff's action can be brought within one of the categories set forth in Article 2592, the use of summary proceedings is not authorized and the dilatory exceptions were properly maintained." 279 So.2d at 678. The plaintiff in Lamar filed a rule to show cause why the defendant should not be enjoined from maintaining advertising signs at the specified locations and why the signs should not be ordered removed. The statute relied on by the state authorized the Department of Highways to remove an unlawful sign at the owner's expense after giving him thirty days' notice to remove it himself; the state did acknowledge that the statute did not specifically authorize use of summary procedure. The supreme court rejected the state's argument that the legislature must have intended to permit the use of summary proceedings to enforce the statute, finding that no showing had been made which would indicate that the situations regulated by the statute were of such a nature as to employ the use of summary process as necessary to effectuate the statutory purpose. The case of Pearce v. Gunter, 221 So.2d 599 (La.App. 3d Cir.), writ refused, 254 La. 469, 223 So.2d 872 (La. 1969), was distinguished on the basis that the rapid determination of the case by summary process, though not specifically authorized by the governing statute, was necessary to prevent the spreading of a contagious disease; use of ordinary process would have rendered the statute totally ineffective.
An action for maintenance and cure is an action ex contractu; however, failure to furnish proper maintenance and cure is an actionable personal injury entitling a disabled seaman to compensation for damages for injuries resulting therefrom. 79 C.J.S. Seaman § 185-186 (1952). The remedy of maintenance and cure is derived from ancient sea codes, and was incorporated into American maritime common law in the nineteenth century. Frank L. Maraist, Admiralty in a Nutshell, 185 (2d ed. 1988). The purpose of maintenance and cure is to provide the injured seaman with food and lodging from the time he becomes incapacitated until the time he reaches maximum medical recovery. McFarland v. Justiss Oil Company, Inc., 526 So.2d 1206 (La.App. 3d Cir.1988). In addition to compensatory damages due upon failure to pay maintenance and cure, the shipowner who is egregiously at fault will be liable for punitive damages and attorney's fees. Jordan v. Intercontinental Bulktank Corporation, 1993 WL 225534 (La.App. 1st Cir.1993) (No. CA 90 2146, February 19, 1993); Morales v. Garijak, Inc., 829 F.2d 1355 (5th Cir.1987). The plaintiff in Jordan was awarded $1,000,000.00 in punitive damages, which was reduced to $500,000.00 on appeal, for defendant's failure to pay maintenance and cure.
No statutory authority has been cited to this court which authorizes the use of summary procedure on the issue of maintenance and cure. Further, maritime common law provides a remedy for failure to pay maintenance and cure, i.e., compensatory damages, punitive damages and attorney's fees. Under these circumstances, we do not find the use of summary process in this instance to be authorized directly or impliedly by any statutory scheme.[2]
*1036 We also reject plaintiff's contention that the long-standing practice in the 16th Judicial District of deciding issues of maintenance and cure through the use of summary proceedings on rule days has acquired the force of law under La.C.C. art. 3. As stated in Article 3, "[c]ustom may not abrogate legislation." See also Sierra Club v. Louisiana Department of Wildlife & Fisheries, 519 So.2d 836 (La.App. 4th Cir.), writs denied, 521 So.2d 1151, 521 So.2d 1152 (La.1988). The custom of the Sixteenth JDC in this instance conflicts with La.C.C.P. art. 2592.
Having established that Louisiana procedural law prohibits the process used in the case under consideration, we next examine whether federal law would compel a different result. In an action brought in state court under the "savings to suitors" clause, federal substantive law applies, but where the result is not substantially affected, the procedural law of the forum applies. Cason v. Diamond M Drilling Company, 436 So.2d 1245 (La.App. 1st Cir.), writs denied, 441 So.2d 1221 (La.1983). See also Miller v. American Dredging Co., 595 So.2d 615 (La.1992); Lavergne v. Western Company of North America, Inc., 371 So.2d 807 (La.1979). Thus a determination must be made as to whether maritime law mandates deciding a maintenance and cure claim on rule to show cause as a fundamental feature of admiralty law, such that our contrary state procedural law would be preempted. See Miller, 595 So.2d at 618.
In Claudio v. Sinclair Refining Company, 126 F.Supp. 154 (E.D.N.Y.1954), the plaintiff in a maritime suit filed a motion seeking an order for the immediate payment of maintenance by the defendant-employer. The Claudio court held that "[t]here is no authority for the relief sought, by way of a summary proceeding or motion, excepting where there is no genuine issue of fact, the Courts have entertained motions for summary judgment pursuant to Rule 56, Fed.Rules Civ.Proc." 126 F.Supp. at 154. No other jurisprudence could be found in which this issue was directly considered; however, federal courts in some instances grant motions for summary judgment on maintenance and cure claims where no material issue of fact remains. See Lirette v. K & B Boat Rentals, Inc., 579 F.2d 968 (5th Cir.1978); McNaughton v. Exxon Shipping Company, 813 F.Supp. 710 (D.C.Cal.1992); Reed v. American Steamship Company, 773 F.Supp. 991 (E.D.Mich.1991); Freeman v. Thunder Bay Transportation Company, Inc., 735 F.Supp. 680 (M.D.La.1990). In other cases, maintenance and cure issues are decided following trial on the merits. See Vella v. Ford Motor Company, Inc., 421 U.S. 1, 95 S.Ct. 1381, 43 L.Ed.2d 682 (1975); Brister v. A. W. I., Inc., 946 F.2d 350 (5th Cir.1991); Garay v. Carnival Cruise Line, Inc., 904 F.2d 1527 (11th Cir.1990); Gaspard v. Taylor Diving & Salvage Co., Inc., 649 F.2d 372 (5th Cir.1981), cert. denied, 455 U.S. 907, 102 S.Ct. 1252, 71 L.Ed.2d 445 (1982); Ruiz v. Plimsoll Marine, Inc., 782 F.Supp. 315 (M.D.La.1992). In at least two reported cases, the maintenance and cure issue was severed from other matters under consideration and a separate evidentiary hearing was held. See Hall v. Diamond M Company, 732 F.2d 1246 (5th Cir.1984); Grove v. Dixie Carriers, Inc., 553 F.Supp. 777 (E.D.La. 1982). See also Johnson v. Marlin Drilling Company, 893 F.2d 77 (5th Cir.1990). Thus, federal maritime law does not mandate a remedy more expeditious than summary judgment to a plaintiff seeking maintenance and cure, which plaintiff also has available under Louisiana law.
For these reasons, appellant's dilatory exception pleading the objection of improper use of summary proceeding is hereby granted. The judgment of the trial court *1037 awarding plaintiff/appellee maintenance and cure is reversed and the matter is remanded for proceedings consistent with the foregoing. All costs of this appeal are to be borne by plaintiff/appellee.
REVERSED AND REMANDED.
NOTES
[1] We reject from the outset, plaintiff's argument that the award of maintenance and cure is an incidental question in this litigation since maintenance and cure is a cause of action under maritime common law, separate and distinct from other maritime remedies such as an unseaworthiness or Jones Act claim. See Rutherford v. Sea-Land Service, Inc., 575 F.Supp. 1365 (N.D.Cal.1983). See also Frank L. Maraist, Admiralty in a Nutshell, 175-218 (2d ed. 1988).
[2] Should congress or the Louisiana legislature wish to furnish maintenance and cure claimants a more speedy remedy or quicker access to courts, such legislation could easily be enacted. At one time, La.R.S. 23:1315 (repealed by La. Acts 1988, No. 938 § 3) required a hearing in the district court on a worker's compensation claim be set within six weeks of service of the petition. However, after the 1988 amendments, the initial adjudication is by a hearing officer in the Office of Worker's Compensation Administration. See La.R.S. 23:1310 et seq. Under the new laws, a claimant is entitled to an informal conference within fifteen days; however, no specific timeframe is required for the hearing to be held thereafter. La.R.S. 23:1310.3-1310.5.