J2LOTTINGER, Chief Judge.
On November 6, 1988, Glenn Richard was allegedly injured while engaged in his regular employment aboard the vessel the M7V RICHARD G. As a result of this alleged injury, Richard and his wife, Tammy, filed suit against Garber Bros., Inc. and Garber Industries, Inc. to recover damages for his injuries and for her loss of consortium. Following oral argument on plaintiffs’ motion for summary judgment for cure benefits and penalties and attorney’s fees, the trial court ordered defendants to pay $14,883.63 for expenses related to Mr. Richard’s back surgery. The court then denied the motion as to penalties and attorney’s fees. Defendants appeal, asserting that the court erred in granting summary judgment on the issue of cure, as there are genuine issues of material fact as to whether Mr. Richard’s back injuries were sustained while in the service of the ship.[1]
While defendants’ appeal was pending, plaintiffs filed a motion to remand this case to the district court for a trial on all issues. *683 Plaintiffs contend that this ease is not properly before this Court because, according to recent first circuit jurisprudence, summary judgment is an inappropriate procedure for the issues of maintenance and cure. In response, defendants assert that summary judgment is an appropriate procedure and the only issue properly before this Court is whether the trial court erred in granting summary judgment.
REMOVAL
Before considering whether the trial court committed error, we must determine whether summary judgment is a proper procedure for deciding issues of maintenance and cure. In support of their motion for remand, plaintiffs cite Perry v. Allied Offshore Marine Corp., 618 So.2d 1033 (La.App. 1st Cir.1993). In Perry, we stated that:
JaNo statutory authority has been cited to this court which authorizes the use of summary procedure on the issue of maintenance and cure. Further, maritime common law provides a remedy for failure to pay maintenance and cure.... Under these circumstances, we do not find the use of summary process in this instance to be authorized directly or impliedly by any statutory scheme.
Id. at 1035 (emphasis added).
Based on this language, plaintiffs conclude that summary judgment is an inappropriate procedure for deciding issues of maintenance and cure.
Perry, however, is distinguishable from the present case as Perry involved the use of “summary proceedings” and not “motions for summary judgment.” In Perry, the plaintiff filed a “Motion and Order for Payment of Maintenance and Cure,” not a “Motion for Summary Judgment” as did the plaintiffs in the instant case. The trial court, pursuant to .the procedures set forth in “Summary Proceedings” in La.Code Civ.P. arts. 2591-2596, .heard the plaintiffs motion and granted it. The court then denied the defendant’s dilatory exception of improper use of summary process.
On appeal, we held that the use of summary procedure on the issue of maintenance and cure was inappropriate. However, in so holding, we acknowledged that “federal courts in some instances grant motions for summary judgment on maintenance and cure claims where no material issue of fact remains.” Id. at 1036. We also specifically stated that “federal maritime law does not mandate a remedy more expeditious than summary judgment to a plaintiff seeking maintenance and cure, which plaintiff also has available under Louisiana law.” Id. (emphasis added.) In short, we recognized a plaintiffs right under Louisiana law to summary judgment on the issues of maintenance and cure.
In the instant ease, plaintiffs did not file a “summary proceeding” pursuant to Book V of the Louisiana Code of Civil Procedure. Plaintiffs filed a motion for summary judgment on the cure issue. Unlike the proceedings employed in Perry, the motion for summary judgment was an appropriate procedure. Therefore, this case is properly before this court on appeal, and the motion to remand is denied. Having 14reached this conclusion, we now review the trial court’s grant of summary judgment.
SUMMARY JUDGMENT
Summary judgment is granted when, “the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law.” La.Code Civ.P. art. 966(B). After the mover files sufficient documents to support the motion, the burden shifts to the opponent to prove that there is a genuine issue for trial. La.Code Civ.P. art. 967; Sanders v. Hercules Sheet Metal, Inc., 385 So.2d 772 (La.1980). Summary judgments, with certain limited exceptions, are final judgments which may be appealed. La.Code Civ.P. arts. 968 and 2083. Here, defendants perfected a timely appeal challenging the grant of summary judgment on the issue of cure.[2]
*684 As a seaman, Mr. Richard is entitled to maintenance and cure if he proves that his condition manifested itself while in the service of the ship. Theriot v. McDermott, Inc., 611 So.2d 129, 136 (La.App. 1st Cir.1992), writ denied, 615 So.2d 342 (La.1993). In his affidavit supporting his motion for summary judgment and in his petition, Mr. Richard alleges that he suffered a cervical injury while attempting to board the M/V RICHARD G.[3]
In opposition to the motion, defendants submitted portions of depositions taken from three of Mr. Richard’s fellow crew members. According to the crew members, Mr. Richard reported only a shoulder injury following the accident. Furthermore, in answer to interrogatories, Mr. Richard stated that following the incident he was examined, x-rayed and diagnosed with right shoulder sprain.
Although both parties filed numerous medical exhibits and statements of health care providers, many of these documents are unsworn, unverified and [sunaccompanied by sworn affidavits. Such documents are not of sufficient evidentiary value to be given weight in determining whether there is a genuine issue of material fact. See Burns v. Kenworth, Motor Truck Company of Kenworth Tennessee, 548 So.2d 49 (La.App. 3rd Cir.1989); Landry v. Stein, 497 So.2d 1075 (La.App. 5th Cir.1986); Parker v. Sears, Roebuck & Co., 418 So.2d 1361 (La.App. 2nd Cir.1982); Lala v. Schoen Life Insurance Company, Inc., 342 So.2d 1283 (La.App. 4th Cir.1977). However, even without these documents, we find that defendants submitted sufficient evidence to show that a genuine issue of material fact exists as to whether Mr. Richard suffered a cervical injury while in the service of the ship. Accordingly, summary judgment was inappropriate on the issue of cure.
Therefore, for the foregoing reasons, the motion to remand for improper use of summary procedure is denied, the summary judgment is reversed, and this matter is remanded for further proceedings. All costs are assessed against plaintiffs-appellants.
MOTION TO REMAND DENIED, REVERSED AND REMANDED.

. After filing this appeal, defendants sought removal to federal court, contending that this case presented a question of exclusive federal jurisdiction. Although the district court ruled that removal was proper, the United States Fifth Circuit Court of Appeals reversed and remanded the case to state court. Defendants’ appeal, which was stayed during the pendency of the removal proceedings, was then remanded to this court.

. No appeal was taken from the court's denial of penalties and attorney's fees. Without an appeal, that portion of the trial court’s ruling relat *684 ing to penalties and fees is a final judgment which remains the law of the case.

. According to Mr. Richard, the injury occurred when he jumped from the bank onto a diydock barge and struck a building situated on the barge.