# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 23, 2010

No. 10-30357
Summary Calendar

Lyle W. Cayce
Clerk

ATLANTIC SOUNDING COMPANY, INCORPORATED,

Plaintiff-Appellee

v.

TIMOTHY F. PETREY,

Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:06-CV-09688

Before JOLLY, GARZA, and STEWART, Circuit Judges..

PER CURIAM:[*]

Defendant-Appellant Timothy F. Petrey ("Petrey") appeals the district court's declaratory judgment in favor of Plaintiff-Appellee Atlantic Sounding Company, Inc. ("Atlantic"). Petrey argues that the district court erred when it denied him recovery of maintenance and cure benefits, and punitive damages against Atlantic, his former employer. For the reasons discussed herein, we AFFIRM the district court's judgment.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-30357

Prior to his injury, Petrey worked as crew member on the tug, the M/V Thomas, which Atlantic owned. In 1996, prior to his employment with Atlantic, Petrey underwent hip replacement surgery on his right hip. Petrey failed to disclose this fact to Atlantic during a required pre-employment medical examination. Nor did Petrey include this information on medical history forms that he completed as part of the hiring process. He also failed to tell Atlantic that he was on prescription pain medication when he underwent his physical and worked for the firm.

In 2006, Petrey's hip displaced while he was working as part of the crew on the M/V Thomas. Atlantic sought a declaratory judgment from the district court under Rule 9(h) of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201.[1] Before the district court, Atlantic argued that the company was not liable for Petrey's maintenance and cure benefits because Petrey had concealed his hip replacement surgery and the firm would not have hired Petrey if it had known about his medical history.

The district court conducted a bench trial, and the parties submitted post-trial memoranda. The lower court reviewed the evidence and concluded that under *Jauch v. Nautical Services, Inc.*, 470 F.3d 207 (5th Cir. 2006), Petrey was ineligible for maintenance and cure benefits. The court concluded that Petrey had intentionally concealed his hip surgery and use of prescription pain medication. The lower court concluded that these concealed or misrepresented facts were material to the company's decision to hire Petrey. The court also concluded that there was a direct connection between the alleged workplace injury and the concealed medical facts.

---

[1] Petrey filed a negligence counterclaim against Atlantic under the Jones Act, 46 U.S.C. § 30106. After the bench trial, the district court concluded that Petrey was not entitled to recover for this claim because his hip dislocation was not caused by Atlantic's negligence. Petrey did not appeal this aspect of the district court's decision.

No. 10-30357

When we consider a district court's decision to deny or award maintenance and cure payments, we review the lower court's finding of facts for clear error and its conclusions of law de novo. *Jauch*, 470 F.3d at 212. We will reverse a ruling of fact for clear error only when we have a "definite and firm conviction that a mistake has been committed." *Water Craft Management LLC v. Mercury Marine*, 457 F.3d 484, 488 (5th Cir. 2006) (citations omitted). With the clearly erroneous standard, "[w]e cannot second guess the district court's decision to believe one witness' testimony over another's or to discount a witness' testimony." *Canal Barge Co., Inc. v. Torco Oil Co.*, 220 F.3d 370, 375 (5th Cir. 2000).

"Maintenance and cure is a contractual form of compensation given by general maritime law to a seaman who falls ill while in the service of his vessel." *McCorpen v. Central Gulf Steamship Corp.*, 396 F.2d 547, 548 (5th Cir. 1968). "The vessel owner's obligation to provide this compensation does not depend on any determination of fault, but rather is treated as an implied term of any contract for maritime employment." *Jauch*, 470 F.3d at 212. This is true even if the seaman's injury stems from a pre-existing illness or condition, unless, the seaman knowingly concealed this condition from his employer when he was hired. *Id.*

The *McCorpen* defense exists when an employer subjects a seaman to a medical examination as part of the hiring process and the vessel owner can prove that the seaman: (1) intentionally misrepresented or concealed pertinent medical facts; (2) the non-disclosed facts were material to the company's decision to hire the claimant; and (3) there was a causal link between the concealed pre-existing injury and the employment injury. *McCorpen*, 396 F.2d at 549; *Jauch*, 470 F.3d at 212; *see also Johnson v. Cenac Towing, Inc.*, 544 F.3d 296, 301 (5th Cir. 2008).

3

No. 10-30357

Petrey argues that the district court incorrectly applied the *McCorpen* defense. Specifically, Petrey argues that under *Juach*, we established a fourth element to the *McCorpen* defense when we stated, that "[i]f a vessel owner would have employed the seaman even had the requested disclosure been made, concealment will not bar the seaman's recovery of maintenance and cure." *Jauch*, 470 F.3d at 212. Petrey contends that the district court erred because it failed to address this fourth element in its decision.

Petrey's argument is incorrect; the McCorpen defense has only three elements. *Johnson*, 544 F.3d at 301 ("In this case, the district court found that all three elements of the *McCorpen* defense were satisfied . . . ."); *Brown v. Parker Drilling Offshore Corp.*, 410 F.3d 166, 171 (5th Cir. 2005). The quote from *Jauch* on which Petrey's argument rests is not a fourth element of the defense. Rather, this quote relates to the *McCorpen* defense's second prong, which considers whether the non-disclosed facts were material to the company's decision to hire the seaman. *Ruiz v. Plimsoll Marine, Inc.*, 782 F.Supp. 315, 317 (M.D. La. 1992); *Brown v. Cenac Towing, Co.*, No. 09-105, 2010 WL 2559079, at *5 (E.D. La. June 24, 2010).

Petrey also contends that the district court erred by concluding that he had concealed his injury from his employer and that the concealed facts were material to Atlantic's decision to hire him. Petrey asserts that the company knew of his injury because he had informed two co-workers about his injury and he disclosed his hip replacement and medication usage during a Coast Guard physical. Petrey underwent the physical when he petitioned the Coast Guard for an upgrade in his ordinary seaman license. The physical occurred about a year after Atlantic hired Petrey.

Petrey's contention relates to the district court's factual findings, which we review for clear error. Testimony from the bench trial shows that managers in Atlantic's risk management and operations departments, units involved with

No. 10-30357

Petrey's hiring and continued employment at Atlantic, did not know about his previous hip surgery until after his 2006 accident. And, evidence in the record shows that managers who had the ability to prevent Petrey's hiring or to terminate him were unaware of his disclosures to co-workers or his Coast Guard physical. In fact, trial testimony demonstrates that Atlantic's risk management department had no knowledge of Petrey's Coast Guard physical until the firm completed discovery in the present litigation. Thus, based on the record, the district court did not err by finding that Petrey had misrepresented or concealed his hip replacement from his employer.

The district court did not err by determining that this misrepresentation was material to Atlantic's decision to hire Petrey. At trial, Atlantic's physician testified that if he had known of Petrey's hip replacement, he would not have cleared Petrey for duty as a deckhand. And, the record clearly demonstrates that Atlantic's risk management representative, a manager who could delay or prevent Petrey's hiring, learned of Petrey's hip surgery after his 2006 accident. And, this manager did not know of Petrey's post-hiring disclosures to co-workers or his subsequent Coast Guard physical until after Petrey's accident.

Petrey's brief does not contain substantive arguments about the district court's findings and conclusions as to the connection between his pre-existing injury and the workplace injury. We hold that Petrey has abandoned this issue because he failed to adequately brief it. FED. R. APP. P. 28(a)(9)(A); *Dardar v. Lafourche Realty Co., Inc.*, 985 F.2d 824, 831 (5th Cir. 1993).

The district court did not err by concluding that the evidence proved Petrey had intentionally concealed his hip replacement from Atlantic. In addition, the district court did not err in concluding that Atlantic would not have hired Petrey as a deckhand if the company had known during the hiring process about Petrey's hip replacement and prescription medication consumption. And, the district court correctly determined that Petrey's hip replacement was

5

connected to his workplace injury.  Thus, the trial court correctly determined that Atlantic had established a *McCorpen* defense that precluded Petrey's collection of maintenance and cure benefits.

For the foregoing reasons, we AFFIRM the district court's judgment.