**Reversed and Remanded and Majority and Concurring Opinions filed November 13, 2014.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-14-00442-CV

---

## HELIX ENERGY SOLUTIONS GROUP, INC., HELIX SUBSEA CONSTRUCTION, INC., AND HELIX WELL OPS INC., Appellants

### V.

### MATTHEW HOWARD, Appellee

---

**On Appeal from the 125th District Court
Harris County, Texas
Trial Court Cause No. 2013-67699**

---

### O P I N I O N

In this case concerning a seaman's entitlement to payments for maintenance and cure, his employer argues that the trial court erred in granting the seaman's motion to compel such payments. We agree that the order is a temporary injunction and that it does not comply with Texas Rule of Civil Procedure 683. We therefore declare the order void, dissolve it, and remand the case to the trial

court. We further direct the clerk of our court to issue the mandate immediately.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Appellee Matthew Howard sued appellants Helix Energy Solutions Group, Inc., Helix Subsea Construction, Inc., and Helix Well Ops Inc. (collectively, "Helix") for a knee injury he allegedly received in the service of the vessel M/V *Q4000*. He alleged that the vessel and its crew were unseaworthy, and he asserted claims under the Jones Act and general maritime law. As relevant here, he asserted that Helix breached its duty to timely provide maintenance and cure.

Howard filed a motion styled as "Plaintiff's Motion to Compel Payment of Maintenance and Cure Benefits," and after an evidentiary hearing, the trial court granted the motion. Under the terms of the order, Helix was ordered (a) to make retroactive and continuing maintenance payments of $364 per week; (b) to pay the reasonable and customary charges for Howard's medical treatment "as directed by his treating physician George Brindley, M.D." or by others to whom Howard was referred by Dr. Brindley; and (c) to continue paying for maintenance and cure until the trial court made further orders concerning Helix's maintenance-and-cure obligations or the parties stipulated that Howard reached maximum medical improvement.

Helix filed this interlocutory appeal in which it argues that the trial court's order is an improperly issued temporary injunction. In the alternative, Helix asks that we treat its appeal as a petition for a writ of mandamus and require the trial court to vacate its order because it impermissibly requires Helix to make payments for palliative care.[1] We granted Helix's motion to expedite this proceeding.

---

[1] Although the order applies only to Helix Energy Solutions Group, Inc. and Helix Subsea Construction, Inc., all three Helix parties have appealed.

## II. JURISDICTION

As a threshold matter, we must determine whether we have jurisdiction over this case as an interlocutory appeal. Appellate courts can review final orders, but as a general rule, they lack jurisdiction to review interlocutory orders unless review is authorized by statute. *Qwest Commc'ns Corp. v. AT&T Corp.*, 24 S.W.3d 334, 336 (Tex. 2000) (per curiam). Helix contends that we have jurisdiction over this interlocutory appeal because the trial court's order is a temporary injunction. *See* TEX. CIV. PRAC. & REM. CODE ANN. 51.014(a)(4) (West Supp. 2014) (authorizing an interlocutory appeal from an order granting a temporary injunction). We agree.

Although styled as an order granting a motion to compel, "it is the character and function of an order that determine its classification." *Del Valle Indep. Sch. Dist. v. Lopez*, 845 S.W.2d 808, 809 (Tex. 1992). An injunction may be prohibitive or mandatory. *RP&R, Inc. v. Territo*, 32 S.W.3d 396, 400 (Tex. App.—Houston [14th Dist.] 2000, no pet.). A prohibitive injunction forbids certain conduct, whereas a mandatory injunction requires certain conduct. *Id.* Thus, an interlocutory order that "directs the conduct of a party" is a mandatory injunction. *See Del Valle Indep. Sch. Dist.*, 845 S.W.2d at 809.

Howard nevertheless asserts that "[a] pretrial order compelling the provision of maintenance and cure is not a form of injunctive relief; it is a unique remedy afforded under the general maritime law to seam[e]n who are injured or fall ill while in the service of a vessel." In support of this assertion, he cites two cases: *Billiot v. Toups Marine Transport, Inc.*, 465 F. Supp. 1265 (E.D. La. 1979) and *Sanfilippo v. Rosa S. Inc.*, Civ. A. No. 85–3915–Me, 1985 WL 4565 (D. Mass. Dec. 9, 1985). Not only do these cases fail to support Howard's position, but in each, the court denied the "motion to compel" and pointed out that there is no

provision for such pretrial relief.[2]   In other cases, however, federal courts have determined entitlement to the remedy of maintenance and cure using a motion-to-compel procedure.[3]

We need not decide whether or under what circumstances a motion to compel is an available procedure for deciding a maintenance-and-cure claim in federal court under general maritime law.   In state court actions—even those applying federal maritime law—state procedural laws and rules apply.   *See* 28 U.S.C. § 1333(1) (2012); *Am. Dredging Co. v. Miller*, 510 U.S. 443, 453, 114 S. Ct. 981, 988, 127 L. Ed. 2d 285 (1994) ("Uniformity of process . . . is assuredly not what the law of admiralty seeks to achieve, since it is supposed to apply in all the courts of the world."); *In re GlobalSanteFe Corp.*, 275 S.W.3d 477, 485 (Tex. 2008) (orig. proceeding) ("[F]ederal maritime law follows a 'reverse Erie' doctrine of sorts, employing the use of substantive federal maritime law in state courts but recognizing that state procedural law can be followed."); *Mar. Overseas Corp. v. Ellis*, 971 S.W.2d 402, 406 (Tex. 1998) ("When a state court hears an admiralty

---

[2] In *Billiot*, the plaintiff moved for a preliminary injunction to compel the payment of maintenance at a particular daily rate.  465 F. Supp. at 1265.  The court held that "a motion for summary judgment is the only permissible pre-trial procedure" to obtain that relief, and that absent summary judgment, "the maintenance issue was one relegated to a trial on the merits." *Id.* at 1267 (citing *Calmar S.S. Corp. v. Taylor*, 303 U.S. 525, 531–32, 58 S. Ct. 651, 655, 82 L. Ed. 993 (1938)).  The plaintiff in *Sanfilippo* similarly filed a "Motion for Maintenance and Cure."  1985 WL 4565, at *1.  As in *Billiot*, the court in *Sanfilippo* denied the motion and explained that the plaintiff could move for an expedited trial, or could move for summary judgment "[i]f the plaintiff believes that there is no dispute over the material facts," but "a seaman seeking a preliminary injunction mandating the payment of maintenance and cure would be faced with the problem that the denial of payments is clearly compensable by the payment of damages . . . ."  *Id.*, 1985 WL 4565, at *2.  *See also* Rory Bahadur, *Protecting Cruise Line Employees' Right to Maintenance and Cure: The Need for Pre-Trial Adjudication*, 18 U.S.F. Mar. L.J. 221, 237, 240 (2006) (arguing that a seaman should be able to seek maintenance and cure in federal court via a motion to compel, but characterizing this as "injunctive relief").

[3] *See, e.g., Connors v. Iqueque U.S.L.L.C.*, No. C05–334JLR, 2005 WL 2206922, at *1–3 (W.D. Wash. Aug. 25, 2005); *Sefcik v. Ocean Pride Alaska, Inc.*, 844 F. Supp. 1372, 1373–74 (D. Alaska 1993).

4

case, that court occupies essentially the same position occupied by a federal court sitting in diversity: the state court must apply substantive federal maritime law but follow state procedure.").

Whether a claim for maintenance and cure may be decided by the court on a motion to compel is a procedural question, not a matter of substantive federal maritime law that would preempt contrary state procedure. *See Perry v. Allied Offshore Marine Corp.*, 618 So. 2d 1033, 1036 (La. Ct. App. 1993). Accordingly, using Texas procedural law to determine the nature and validity of the trial court's maintenance-and-cure order in this case will not "work material prejudice to a characteristic feature of maritime law." *See In re GlobalSantaFe Corp.*, 275 S.W.3d at 489.

Howard has not cited, and we have not found, any provision of Texas procedural law authorizing a litigant to obtain "an interlocutory order on the merits" from a state court while avoiding both the rules governing summary judgments and those governing injunctive relief. Because the interlocutory order in this case requires Helix to perform certain actions—specifically, to make continuing payments to Howard—it is a classic example of a mandatory injunction. *See Qwest Commc'ns Corp.*, 24 S.W.3d at 336 ("The trial court's order here commands Qwest to undertake certain monitoring and notice provisions when conducting certain boring operations. Thus, the order is an injunction."); *RP&R, Inc.*, 32 S.W.3d at 400 ("The temporary injunction in this case is mandatory because it requires [appellant] to pay weekly paychecks to appellee."). We accordingly conclude that we have jurisdiction over this interlocutory appeal.

### III. CLEAR ABUSE OF DISCRETION

The purpose of a temporary injunction is to preserve the status quo of the litigation's subject matter pending trial on the merits. *Butnaru v. Ford Motor Co.*,

5

84 S.W.3d 198, 204 (Tex. 2002) (op. on reh'g). To obtain a temporary injunction, an applicant is not required to establish that it will prevail upon a final trial on the merits, but must plead and prove that (a) it has a cause of action against the opposing party; (b) it has a probable right on final trial to the relief sought; and (c) it faces probable, imminent, and irreparable injury in the interim. *Sharma v. Vinmar Int'l, Ltd.*, 231 S.W.3d 405, 419 (Tex. App.—Houston [14th Dist.] 2007, no pet.) (citing *Butnaru*, 84 S.W.3d at 204). Litigants generally are not entitled to temporary injunctive relief as a matter of right. *Walling v. Metcalfe*, 863 S.W.2d 56, 57 (Tex. 1993) (per curiam). The decision to grant or deny such relief instead is committed to the trial court's discretion, and we will uphold its ruling absent a clear abuse of discretion. *Id*. at 58.

Helix argues that the trial court not only clearly abused its discretion in issuing the challenged order, but that the order is void because it does not comply with Texas Rule of Civil Procedure 683. Rule 683 provides that an injunction "shall set forth the reasons for its issuance; shall be specific in terms; [and] shall describe in reasonable detail and not by reference to the complaint or other document, the act or acts sought to be restrained." TEX. R. CIV. P. 683. The injunction also must "include an order setting the cause for trial on the merits with respect to the ultimate relief sought." *Id.* An order that fails to comply with Rule 683 "is subject to being declared void and dissolved." *InterFirst Bank San Felipe, N.A. v. Paz Constr. Co.*, 715 S.W.2d 640, 641 (Tex. 1986) (per curiam). Helix correctly points out that the trial court's order does none of these things.

Howard does not dispute that the order does not comply with Rule 683. He instead argues that the trial court did not clearly abuse its discretion in granting the requested relief because "it arrived at the correct result" under federal maritime law. *But see Intex Livingspace, Ltd. v. Roset USA Corp.*, No. 14-10-00855-CV,

6

2011 WL 1466416, at *3 (Tex. App.—Houston [14th Dist.] Apr. 19, 2011, no pet.) (mem. op.) ("[A] trial court abuses its discretion if it issues a temporary injunction order that does not comply with the Rule 683 requirements."). We cannot consider Howard's argument that he is entitled to maintenance and cure under federal maritime law, because "appellate courts do not have jurisdiction to address the merits of appeals from void orders or judgments; rather, they have jurisdiction only to determine that the order or judgment underlying the appeal is void and make appropriate orders based on that determination." *Freedom Commc'ns, Inc. v. Coronado*, 372 S.W.3d 621, 623 (Tex. 2012) (per curiam).

Because the trial court's order does not comply with the requirements of Rule 683, we conclude that the order is void and must be dissolved.

## IV. CONCLUSION

We declare the trial court's order void, dissolve the order, and remand the cause for proceedings in accordance with this opinion. We further direct the clerk of this court to issue the mandate immediately. *See* TEX. R. APP. P. 18.6; *Bruns v. Top Design Inc.*, No. 01-08-00070-CV, 2008 WL 4965365, at *2 (Tex. App.— Houston [1st Dist.] Nov. 20, 2008, no pet.) (mem. op.) (dissolving a void temporary injunction and directing the clerk of the appellate court to issue the mandate immediately).

/s/     Tracy Christopher
        Justice


Panel consists of Chief Justice Frost and Justices Christopher and Busby (Frost, C.J., concurring; Busby, J., concurring).

7