Dorothy HAYNIE, Appellant,

v.

GENERAL LEASING COMPANY, INC., Appellee.

No. 18913.

Court of Civil Appeals of Texas, Dallas.

June 10, 1976.

Alvin Boyd, Dallas, for appellant.

Jay M. Vogelson, Steinburg, Luerssen & Vogelson, Dallas, for appellee.

GUITTARD, Justice.

This suit is an attempt by the lessor of personal property to repossess the property by mandatory injunction on default in payment of the rent. The county court at law granted the injunction and the lessee ap-

peals, contending that the court erred in granting a temporary mandatory injunction without allegations or proof of an irreparable injury, without a showing of lack of an adequate remedy at law, and without requiring a bond. We hold that the injunction was not proper.

 The record reveals that the lessor failed to plead or to prove irreparable injury or lack of an adequate remedy at law. No authority supporting the issuance of mandatory injunctive relief in these circumstances has been cited. A temporary mandatory injunction changes the status quo and should be granted only in case of extreme hardship. *Arvin Harrell Co. v. Southwestern Bell Telephone Co.*, 385 S.W.2d 696 (Tex.Civ.App.-Austin 1964, no writ); *Bagley v. Higginbotham*, 353 S.W.2d 868 (Tex.Civ.App.-Beaumont 1962, writ ref'd n. r. e.). Thus it is not a proper remedy in an action for possession of property without a showing of irreparable injury and lack of an adequate remedy at law. Neither is a temporary injunction valid without a bond, as required by Tex.R.Civ.P. 684. *Lancaster v. Lancaster*, 155 Tex. 528, 291 S.W.2d 303, 308 (1956); *Young v. Gardner*, 435 S.W.2d 192, 196 (Tex.Civ.App.-Houston [14th Dist.] 1968, no writ). Consequently, the trial court erred in granting the temporary mandatory injunction.

Lessor seeks to avoid application of these rules on the ground that the order appealed from is not a temporary injunction, but a permanent injunction granted after final determination of the right to possession. We do not so construe the trial court's order. It was granted only twenty-three days after the suit was filed and at a hearing held pursuant to a "show cause" notice. It is styled "Temporary Injunction Pending Final Disposition of Cause," and it orders the lessee to deliver the property to lessor "pending final disposition of this cause." Although the order contains a recitation that the lessor is entitled to possession, that recitation cannot be considered a final determination of the parties' rights. A decision made for the purpose of determining the propriety of temporary relief is not controlling at the final trial. *See Texas Foundries, Inc. v. International Moulders & Foundry Workers' Union*, 151 Tex. 239, 248 S.W.2d 460, 464 (1952).

Lessor also suggests that the appeal is moot because the lessee has already complied with the order to deliver the property to the lessor. The lessee admits that she has delivered the property to lessor, but insists that the right to possession pending final trial is still in dispute. We hold that the appeal is not moot. A party's compliance with a court order does not in itself deprive him of his right of appeal. *Piper v. Hawley*, 179 Cal. 10, 175 P. 417, 421 (1918); *Workman v. Salzer Lumber Co.*, 51 N.D. 280, 199 N.W. 769, 770 (1924). This order recites that the lessor "is entitled to possession," and orders the lessee to deliver possession to lessor "pending final disposition of this cause." Thus it is more than a command to deliver the property. It determines which party shall be entitled to possession until trial on the merits. We have no occasion, however, to determine the right of possession, since we hold that the temporary mandatory injunction was improper for the reasons stated.

The order of the trial court is reversed and the mandatory injunction is dissolved.