R. B. DEREBERY, Appellant,

v.

TWO–WAY WATER SUPPLY CORPORATION, Appellee.

No. 20121.

Court of Civil Appeals of Texas, Dallas.

Nov. 21, 1979.

Rehearing Denied Dec. 20, 1979.

Richard S. Stark, Stark, Barnhart & Moore, Gainesville, for appellant.

Jack G. Kennedy, Kennedy, Minshew, Evans, Campbell & Cain, Sherman, for appellee.

Before GUITTARD, C. J., and CARVER and HUMPHREYS, JJ.

CARVER, Justice.

Derebery appeals from a denial of a mandatory temporary injunction which he sought in order to compel Two-Way to restore water service to a rural location. We affirm the trial court order because we find no abuse of discretion in this record.

Two-Way is a rural water supply corporation with all the characteristics of a cooperative, including its funding and its by-laws, as provided and directed by a department of the national government. One by-law requires a membership and a ten-dollar fee for each residence receiving service. Derebery owned a rural residence, and his mother-in-law occupied a mobile home which was immobilized next door to Derebery's house. These residences were served with their own wells and water system, but the Two-Way system offered the advantages of a more reliable supply. Derebery joined the Two-Way cooperative and installed connecting lines from Two-Way's meter to his home. He also installed a connection between his home and his mother-in-law's mobile home. When this was discovered by Two-Way, it demanded that the mother-in-law also join the cooperative and pay the ten-dollar fee like any other member. When neither Derebery nor his mother-in-law would pay the fee, despite requests and warning that cut-off would occur, Two-Way terminated the service to Derebery's residence. Derebery filed suit and sought a temporary mandatory injunction requiring Two-Way to restore the service pending trial of the suit. Upon hearing, the trial court denied the injunction and this appeal followed.

We note that the water cut-off occurred in March 1979. This suit was filed April 30, 1979. The temporary injunction hearing was concluded between the 11th and the 16th of May 1979. The order appealed from was entered on June 11, 1979. The trial court record reflects that three witnesses were heard (requiring 170 pages to type the statement of facts); and eighteen exhibits were admitted. From the record there appears there is slight, if any, additional testimony that could be offered on the merit trial. Extensive briefs and arguments have since been presented to this court for review of the trial court's *interlocutory* order. Trial on the merits is yet to

come nearly ten months after the cause of action arose. There appears little reason for counsel or parties to have ignored the admonitions of the supreme court and this court to avoid this waste of time and effort of all concerned by promptly seeking a trial on the merits so that one record and one appeal, if necessary, will conclude the parties' dispute. *Southwest Weather Research, Inc. v. Jones*, 160 Tex. 104, 327 S.W.2d 417, 421–22 (1959); *Charter Medical Corp. v. Miller*, 554 S.W.2d 220 (Tex.Civ. App.—Dallas 1977, writ ref'd n. r. e.); *Irving Bank & Trust Co. v. Second Land Corp.*, 544 S.W.2d 684 (Tex.Civ.App.—Dallas 1976, writ ref'd n. r. e.); *Crawford Energy, Inc. v. Texas Industries, Inc.*, 541 S.W.2d 463 (Tex.Civ.App.—Dallas 1976, no writ).

With respect to the denial of the injunction itself, we find no abuse of discretion on the part of the trial court. The purpose of a mandatory temporary injunction is to preserve the status quo between the parties pending a final resolution of the litigation. The trial judge has broad discretion in determining whether to issue a mandatory injunction, and the court's decision will be reversed only on a showing of a clear abuse of discretion. *Transport Co. of Texas v. Robertson Transports, Inc.*, 152 Tex. 551, 261 S.W.2d 549 (1953). A temporary injunction will be properly issued where the applicant can show a probable right and a probable injury, though the applicant is not required to establish that he will prevail in the litigation. *Id.* at 552; *Crawford Energy, Inc. v. Texas Industries*, 541 S.W.2d at 466. However, a temporary mandatory injunction changes the status quo and should be granted only in cases of extreme hardship. *Haynie v. General Leasing Company, Inc.*, 538 S.W.2d 244 (Tex.Civ. App.—Dallas 1976, no writ); *Arvin Harrell Co. v. Southwestern Bell Telephone Co.*, 385 S.W.2d 696 (Tex.Civ.App.—Austin 1964, no writ).

We find that inasmuch as the appellant and his mother-in-law have their own water supply to which Two-Way's reliability was merely added, our issue is not one in which urgent human need or deprivation provides an overriding concern. The trial court's denial of the temporary injunction sought by Derebery actually serves to preserve the true status quo that existed before this dispute arose, i. e., the status quo that existed before Derebery connected his mother-in-law's residence to the Two-Way system without her being a fee paying member. *Rhodia, Inc. v. Harris County*, 470 S.W.2d 415 (Tex.Civ.App.—Houston [1st Dist.] 1971, no writ); *Hill v. Brown*, 225 S.W. 780 (Tex.Civ.App.—Dallas 1920), *rev'd on other grounds*, 237 S.W. 252 (Tex.Com. App.1922, judgmt. adopted). We conclude that no abuse of the discretion of the trial court has been shown.

Affirmed.