**Jacqueline LeFAUCHEUR, Appellant,**

v.

**David WILLIAMS and Cook International Travel, Inc., Appellees.**

**No. 3–90–055–CV.**

Court of Appeals of Texas, Austin.

April 10, 1991.

Michael Z. Stern, Mallios & Associates, P.C., Austin, for appellant.

Dick Blankenship, Austin, for appellees.

Before CARROLL, C.J., and ABOUSSIE and JONES, JJ.

CARROLL, Chief Justice.

Jacqueline LeFaucheur challenges a mandatory temporary injunction requiring her either to deliver certain airline tickets or to pay their cash value to appellees. We believe that this remedy is in substance an attempt at prejudgment garnishment, without proof of the elements required for such an action. *See* Tex.Civ.Prac. & Rem.Code Ann. § 63.001(2) (1986). Accordingly, we will reverse the judgment of the trial court and instead render judgment that appellees take nothing on their application for temporary injunction.

## THE CONTROVERSY

This case arises out of the proposed sale of an Austin travel agency. At issue is the propriety of a temporary injunction that requires a defendant either to deliver property not under her control or to pay money damages before final judgment.

In December 1989, David Williams tentatively agreed to sell his travel agency to Jacqueline LeFaucheur, the vice president and majority shareholder of a travel agency in New Braunfels. As part of this agreement, LeFaucheur gave $11,000 to Williams. Also as part of this agreement, Williams allowed LeFaucheur's business associate, Fred Hopson, the temporary use of Williams' ticketing and reservations computer on a credit basis, with Hopson paying Williams each week for the tickets he had obtained the preceding week.

Within a month the deal had soured and the sale fell through. Williams refused to return LeFaucheur's $11,000 and barred Hopson from using his ticketing facilities. On January 29, 1990, Williams and LeFaucheur met for lunch to discuss their disagreements. While Williams was at lunch with LeFaucheur, Hopson obtained some $13,000 worth of airline tickets from Williams' agency without paying for them. Hopson later gave the tickets to LeFaucheur, who took them back to New Braunfels

for distribution to the customers who had ordered them.

On February 2, 1990, Williams and his agency sued LeFaucheur and Hopson for conversion, and also sought a temporary injunction requiring them to return the tickets. In support of his injunction request, Williams[1] alleged that, because he was unable to pay for the tickets, the airline ticket authority would audit his agency and then shut down his reservations and ticketing operations within the next couple of weeks. Williams did not allege that either LeFaucheur or Hopson was insolvent. After an ex parte hearing on that same day, the district court signed a temporary restraining order compelling LeFaucheur and Hopson to immediately return the tickets, and setting the matter for hearing. The tickets were not returned.

Williams' application for a temporary injunction came on for hearing on February 8. At the hearing, Hopson did not deny taking the tickets. He insisted, however, that he took them pursuant to his arrangement with Williams and that he had not paid for the tickets because he had not been paid himself and because of a dispute with Williams regarding his account.

LeFaucheur testified that she no longer had the tickets, having distributed them to customers on January 29, the day they were printed. She further testified that the customers had paid the New Braunfels agency, not her, for the tickets. Williams did not dispute this testimony. In the face of this proof that the tickets were beyond LeFaucheur's control, the district court entered a temporary injunction ordering her to return the tickets to Williams by February 13, 1990. The court later changed this injunction, in response to an amended petition filed by Williams, to require LeFaucheur to deliver either the tickets or their cash value.

LeFaucheur then filed this appeal challenging the wording and propriety of the temporary injunction.[2] We will address LeFaucheur's fourth point of error, in which she contends the trial court improperly used a temporary injunction to require her either to return property she no longer controlled or to pay damages before a trial on the merits.

### DISCUSSION

There are two general types of temporary injunctions: prohibitive and mandatory. A prohibitive injunction forbids conduct, whereas a mandatory injunction requires it. *See Cartwright v. Warren*, 177 S.W. 197, 199 (Tex.Civ.App.1915, no writ). The temporary injunction in this case is mandatory because it requires conduct from LeFaucheur—either the return of the airline tickets or the payment of money.

■ The trial court has broad discretion to determine whether to issue a mandatory temporary injunction, and we may reverse the decision only if the court clearly abused its discretion. *Dereberry v. Two–Way Water Supply Corp.*, 590 S.W.2d 647, 649 (Tex.App.1979, writ ref'd n.r.e.). A trial court abuses its discretion if it acts without reference to any guiding rules or principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex.1985).

■ The purpose of a temporary injunction is to preserve the status of the subject matter of litigation pending trial on the merits. *Iranian Muslim Organization v. City of San Antonio*, 615 S.W.2d 202, 208 (Tex.1981). The issuance of a mandatory temporary injunction is proper only if a mandatory order is necessary to prevent irreparable injury or extreme hardship. *Id.* An applicant for a temporary injunction must show he has no adequate remedy at law and so is entitled to preservation of the status quo. *Bagley v. Higginbotham*, 353 S.W.2d 868, 869 (Tex. Civ.App.1962, writ ref'd n.r.e.). In order to support a mandatory injunction such as the trial court ordered in this case, Williams

---

1. Because Williams' and his agency's claims are identical for the purposes of this appeal, we will refer to Williams and his agency collectively as "Williams."

2. Pursuant to Tex. Gov't Code Ann. § 22.221(a) (1988), this Court issued its own writ of injunction temporarily relieving LeFaucheur from complying with Judge McCown's temporary injunction during the pendency of this appeal.

needed to demonstrate either that Le-Faucheur was insolvent, *Bagley* at 869, or that his injury was not compensable in money damages, *Dallas Indep. School Dist. v. Daniel,* 323 S.W.2d 639, 641 (Tex. Civ.App.1959, writ ref'd n.r.e.). He did neither.

We conclude that the district court abused its discretion in issuing the mandatory temporary injunction. First, the district court erred in requiring LeFaucheur to turn over the tickets when they were beyond her control. *See Carter v. White,* 260 S.W. 276, 277 (Tex.Civ.App.1924, no writ) (injunction was ineffective because it required retrieval of building materials and reconstruction of building after building had been torn down and materials sold).

Second, the court abused its discretion by requiring in the alternative that LeFaucheur pay Williams the cash value of the tickets, because Williams failed to prove he had no adequate remedy at law. In fact, Williams' request for the cash value of the tickets conclusively establishes that his injuries are compensable by money damages so that he had an adequate remedy at law. Moreover, Williams did not allege or prove that LeFaucheur could not satisfy any judgment rendered against her in this case.

Williams cites *Ohlhausen v. Thompson,* 704 S.W.2d 434 (Tex.App.1986, no writ), for the proposition that mandatory temporary injunctions requiring delivery of money are proper. However, that case is distinguishable because it required the *return* of funds that were accidentally paid to the wrong entity. The temporary injunction in this case requires the *payment* of money as compensation for property taken, not the return of the actual property. Thus, the temporary injunction amounted to a prejudgment garnishment without proof of the elements required for such a remedy.

### CONCLUSION

For all of the above reasons, we conclude that the trial court abused its discretion by requiring LeFaucheur to deliver tickets that were beyond her control or to pay money damages before a trial on the merits. We therefore sustain LeFaucheur's fourth point of error. Accordingly, we reverse the injunction and order that David Williams and Cook International Travel, Inc. take nothing on their application for a mandatory temporary injunction.