RP&R, INC., Appellant,

v.

**Robert TERRITO, Jr. and Leanne Territo, Appellees.**

**No. 14–00–00506–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

Oct. 26, 2000.

Jeffrey Robert Matthews, Toby C. Easley, Houston, for appellants.

Charles M. Jordan, Houston, Thomas W. McQuage, Galveston, for appellees.

Panel consists of Justices ANDERSON, FOWLER and EDELMAN.

## OPINION

ANDERSON, Justice.

Appellant RP & R, Inc., (RP & R) filed this accelerated appeal from a temporary mandatory injunction requiring the corporation to continue issuing weekly paychecks to Robert Territo (Territo), one of the appellees. In two points of error, RP & R contends the trial court abused its discretion by (1) requiring RP & R to continue issuing paychecks to Territo, because Territo made no showing that irreparable injury would result absent an order for injunctive relief, and (2) excluding certain evidence offered by RP & R. We modify the injunction and affirm the order as modified.

### I.

### Factual and Procedural Background

RP & R is a Texas corporation. The president and secretary is David Scott Rankin and Territo is the vice-president. In addition, both Rankin and Territo own fifty percent of the common stock of the company. This case arises out of RP & R's decision to terminate Territo for engaging in the misappropriation of corporate funds, conversion of corporate property and the breach of a fiduciary duty. RP & R filed suit against the Territos alleging

they had engaged in the misappropriation of corporate funds and the conversion of corporate property.

On April 6, 2000, Territo filed a counterclaim asserting that RP & R wrongfully terminated his employment and excluded him from the corporation. As part of the counterclaim, Territo requested a temporary restraining order, temporary injunction, and permanent injunction. Specifically, the petition for the temporary restraining order asked the trial court to: (1) restrain the sale or transfer of ownership of company assets; (2) preserve corporate records; and (3) allow Territo access to the company books and records pending a final trial on the merits. Territo's petition, however, never requested that the trial court compel RP & R to issue weekly paychecks to him.

A hearing on the temporary restraining order was held on April 7, 2000. At the hearing, under the trial court's directive, the parties agreed to recess and determine if they could come to an equitable agreement. The parties abandoned the request for a temporary restraining order and agreed to have the trial court issue a temporary injunction to avoid a later hearing. The parties agreed to be bound by all the relief sought by Territo under the petition for temporary restraining order. RP & R did not agree, however, to Territo's request that the trial court order the company to continue to issue weekly paychecks to Territo. Territo did not appear at the April 7, 2000 hearing.

Subsequently, and before considering any testimony or evidence from RP & R, the trial court ruled in favor of Territo. RP & R immediately objected to the ruling and under a bill of exception, introduced documentary and testimonial evidence supporting the company's reasons for terminating Territo. It is the company's position that weekly paychecks are issued only to employees of the company. Thus, it is argued, Territo's termination disqualifies him from receiving a weekly paycheck. The company filed this appeal challenging only that portion of the temporary injunction order [1] mandating that RP & R continue issuing weekly paychecks to Territo.

## II.

### Waiver

■ Appellees attempt to dispose of this appeal by arguing that RP & R agreed to the temporary injunction, thus waiving all right to complain on appeal of an action taken by the trial court which they invited, agreed to, or induced. *See Ayala v. Minniti,* 714 S.W.2d 452, 456–57 (Tex.App.— Houston [1st Dist.] 1986, no writ). We disagree. No agreement between attorneys or parties touching any pending suit will be enforced unless it is in writing, signed by the parties and filed with the court, or the contents of the agreement are announced in open court and entered in the record. *See* Tex.R.Civ.P. 11.

In the instant case, the parties, at the request of the trial court, attempted to reach an agreement regarding the temporary injunction. The record reflects that after a short recess, the parties agreed to permit the trial court to issue a temporary injunction providing for all of the relief sought by Territo in his petition. During the recess, however, Territo requested that he continue to receive a weekly paycheck, even though such relief was not pleaded. RP & R never agreed to that request. Nevertheless, the trial court announced it would order that Territo continue receiving a weekly paycheck. RP & R objected immediately following the court's oral decision to grant the temporary injunction, which included the mandatory order to issue the weekly paychecks. Be-

---

1. The trial court signed the Temporary Injunction Order on April 18, 2000. The Order requires in one paragraph that Territo and two other employees are to continue receiving equal weekly salaries, and, in another paragraph, specifically orders RP & R to pay Territo a weekly salary of $1,600. During oral argument, counsel for RP & R stated appellant is objecting to both paragraphs in the Order requiring payment to Territo.

cause RP & R objected to entry of an injunction requiring payroll payments to Territo, RP & R may complain on appeal about the mandatory provision of the temporary injunction. *See* TEX.R.APP.P. 33.1.

## III.

### Temporary Injunctions

■ There are two general types of temporary injunctions: prohibitive and mandatory. A prohibitive injunction forbids conduct, whereas a mandatory injunction requires it. *See LeFaucheur v. Williams*, 807 S.W.2d 20, 22 (Tex.App.—Austin 1991, no writ); *Cartwright v. Warren*, 177 S.W. 197, 199 (Tex.Civ.App.—Dallas 1915, no writ). The temporary injunction in this case is mandatory because it requires RP & R to pay weekly paychecks to appellee. *See Universal Health Services, Inc. v. Thompson*, 24 S.W.3d 570, 576 (Tex.App.—Austin 2000, no pet.).

■ The trial court has broad discretion to determine whether to issue a temporary mandatory injunction, and we may reverse the decision only if the court clearly abused its discretion. *See LeFaucheur*, 807 S.W.2d at 22; *accord Derebery v. Two–Way Water Supply Corp.*, 590 S.W.2d 647, 649 (Tex.Civ.App.—Dallas 1979, writ ref'd n.r.e.). If the original petition alleges a cause of action and the party seeking the injunction presents evidence tending to sustain that cause of action, there is no abuse of discretion by the trial court in issuing the temporary injunction. *Biodynamics, Inc. v. Guest*, 817 S.W.2d 128, 130

(Tex.App.—Houston [14th Dist.] 1991, writ dismissed). A trial court, however, abuses its discretion if it acts without reference to any guiding rules or principals. *See LeFaucheur*, 807 S.W.2d at 22; *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex.1985). On appeal, we only review whether the trial court clearly abused its discretion in making the determination to issue the temporary mandatory injunction. *See Boatman v. Lites*, 888 S.W.2d 90, 92 (Tex.App.—Tyler 1994, writ denied). We cannot reverse a trial court's order if the trial court was presented with conflicting evidence and the record includes evidence that reasonably supports the trial court's decision. *See Universal Health Services*, 24 S.W.3d at 576.

■ The purpose of a temporary injunction is to preserve the status quo pending a trial on the merits. *See Walling v. Metcalfe*, 863 S.W.2d 56, 58 (Tex.1993). Thus, an applicant for a temporary injunction must show he has no adequate remedy at law, and therefore is entitled to preservation of the status quo. *See LeFaucheur*, 807 S.W.2d at 22; *Bagley v. Higginbotham*, 353 S.W.2d 868, 869 (Tex. Civ.App.—Beaumont 1962, writ ref'd n.r.e.). However, the issuance of a temporary mandatory injunction is proper only if a mandatory order is necessary to prevent irreparable injury or extreme hardship.[2] *See LeFaucheur*, 807 S.W.2d at 22. A trial court has the power to grant a mandatory injunction at a hearing for a temporary injunction only where the circumstances justify it.[3] *See Rhodia, Inc. v. Harris*

---

**2.** An irreparable injury is an injury for which the injured party cannot be adequately compensated, or one for which the damages cannot be measured by any certain pecuniary standard. *See Texas Indus. Gas v. Phoenix Metallurgical Corp.*, 828 S.W.2d 529, 533 (Tex.App.—Houston [1st Dist.] 1992, no writ).

**3.** Generally, the preservation of the status quo can be accomplished by an injunction in form, but it sometimes happens that the status quo is a condition not of rest, but of action, and the condition of rest is exactly what will inflict the irreparable injury on complainant.

In such a case, courts of equity issue mandatory writs before the case is heard on the merits. This character of cases has been repeatedly held to constitute an exception to the general rule that temporary injunction may not be resorted to to [sic] obtain all relief sought in the main action; such temporary injunction may be mandatory in character. *Rhodia v. Harris*, 470 S.W.2d at 419–420; *see also McMurrey Refining Co. v. State*, 149 S.W.2d 276, 279 (Tex.Civ.App.—Austin 1941, writ ref'd)(holding that petition was sufficient to support temporary mandatory injunction after notice and hearing; but was not suffi-

*County,* 470 S.W.2d 415, 419 (Tex.Civ. App.—Houston [1st Dist.] 1971, no writ). The law is well settled that a trial court abuses its discretion in granting a temporary injunction unless it is clearly established by the facts that one seeking such relief is threatened with an actual irreparable injury if the injunction is not granted. *See Mother and Unborn Baby Care v. Doe,* 689 S.W.2d 336, 338 (Tex.App.—Fort Worth 1985, writ dism'd). While granting a mandatory injunction is within the sound discretion of the trial court, the grant should be denied absent a clear and compelling presentation of extreme necessity or hardship. *See Rhodia,* 470 S.W.2d at 419.

## IV.

### No Showing Supporting Mandatory Injunction

 The trial court entered a temporary mandatory injunction in this case requiring, among other things, that RP & R make weekly payments to Territo. A temporary mandatory injunction changes the status quo and should be granted only in a case of extreme hardship. *See Haynie v.Gen. Leasing Co., Inc.,* 538 S.W.2d 244, 245 (Tex.Civ.App.—Dallas 1976, no writ). Pleadings alone will not support the entry of a temporary injunction. *See Markel v. World Flight, Inc.* 938 S.W.2d 74, 79 (Tex.App.—San Antonio 1996, no writ) (holding that pleadings alone will not support entry of a temporary injunction where record contains absolutely no testimony or any type of evidence to prove imminent or irreparable harm). This is particularly true here where Territo's petition requesting injunctive relief fails to plead for mandatory relief involving resumption of his paychecks, or provide detailed facts supporting irreparable injury or extreme hardship in the absence of such payments.

cient to warrant such injunction where there was no allegation of fact supporting irreparable injury or extreme hardship).

As noted above, Territo did not appear at the temporary injunction hearing. Thus, the record before this court contains no testimony supporting the trial court's mandate that RP & R pay Territo $1,640.00 per week because there was no evidence before the trial court showing Territo would sustain irreparable injury or suffer extreme hardship in the absence of a weekly paycheck. Indeed, he could not make this showing because any injury to Territo from the loss of the weekly paycheck can be accurately measured by determining the number of weeks during which payment was withheld, thus failing to qualify as an irreparable injury.[4] Accordingly, we hold the trial court abused its discretion in granting a temporary mandatory injunction providing for such unsupported relief. *See Haynie,* 538 S.W.2d at 245 (holding trial court erred in granting temporary mandatory injunction where record revealed petitioner failed to plead or prove irreparable injury or lack of an adequate remedy at law).

## V.

### No Showing Supporting A Temporary Injunction

We recognize that trial courts may issue temporary injunctions to preserve the status quo. Indeed, the Territos contend the trial court did no more than that by requiring RP & R to continue issuing paychecks to Territo.

 As we have stated, the purpose of a temporary injunction is to preserve the status quo of the subject matter of the suit pending final trial of the case on the merits. *See Biodynamics,* 817 S.W.2d at 130. Even if the provisions in the Order mandating weekly paychecks are viewed as part of a general, as opposed to a mandatory injunction, the record is still inadequate to support that relief because there is no evidence in the record that

4. *See supra,* note 2.

Territo's receipt of his paycheck constituted the status quo. The status quo is the last actual, peaceable, noncontested status which preceded the pending controversy. *See Texas Pet Foods, Inc. v. State,* 529 S.W.2d 820, 829 (Tex.Civ.App.—Waco 1975, writ ref'd n.r.e.). Moreover, where the injunctive relief granted exceeds the relief requested by the applicant in the petition, the trial court exceeds its jurisdiction. *See Fairfield v. Stonehenge Ass'n Co.,* 678 S.W.2d 608, 611 (Tex.App.—Houston [14th Dist.] 1984, no writ). Because there was no evidence before the trial court of what constituted the status quo that Territo sought to preserve, and inasmuch as Territo failed to specifically request in his pleading that the trial court order RP & R to resume paying him weekly, the trial court was without authority to order the issuance of paychecks to Territo. *See Fairfield,* 678 S.W.2d at 611 (holding trial court exceeded its jurisdiction by entering injunction precluding home building company from selling homes where applicant's petition for injunctive relief did not specifically request trial court to enjoin the sale of homes).

## VI.

### Conclusion

For the reasons set forth above, we sustain RP & R's first point of error. Based on our holding on that point of error, we need not reach appellant's second point of error regarding the trial court's exclusion of certain evidence.

Accordingly, we modify the temporary mandatory injunction by deleting both provisions requiring RP & R to tender weekly paychecks to Territo, and as so modified we affirm the remainder of the trial court's April 18, 2000, Order.