# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-08-00079-CV

## In re Church Builders Inc., Richard A. Humphrey, and Randy Beckett

## ORIGINAL PROCEEDING FROM HAYS COUNTY

## M E M O R A N D U M   O P I N I O N

Relators Church Builders, Inc. (CBI), Richard A. Humphrey, and Randy Beckett bring a petition for writ of mandamus and a motion for emergency relief challenging a temporary injunction order. The trial court enjoined relators from disposing of any of their assets pending judgment and ordered relators within a few days to produce, and in some cases prepare, thirty-seven categories of documents. For the reasons that follow, we conditionally grant the writ of mandamus and motion for emergency relief and direct the trial court to vacate the temporary injunction.

This original proceeding arises out of a construction contract dispute between real party in interest Kyle United Methodist Church (KUMC) and CBI. Pursuant to a contract with KUMC, CBI agreed to construct a 6,400 square foot building for approximately $594,000. Before CBI completed construction and after KUMC made several payments for a total of $564,312, a dispute arose between the parties, CBI stopped construction, and KUMC made no further payments to CBI. KUMC thereafter brought suit alleging negligence, negligent misrepresentation, breach of

contract, fraud, statutory fraud, fraud by nondisclosure, violation of the Texas Property Code, conversion, violation of the Theft Liability Act, violation of the Deceptive Trade Practices Act, and conspiracy. KUMC sought monetary damages and injunctive relief—to "enjoin and restrain [relators] from depositing, withdrawing or transferring any funds from their personal and business operating accounts." The trial court granted a temporary restraining order on January 22 against relators preventing them from withdrawing funds from two specific accounts and from "any account where proceeds were deposited from the [KUMC] project." The trial court also ordered relators to produce five categories of documents by January 28, and to appear before the court on January 31 to show cause why a temporary injunction should not be issued.

At the temporary injunction hearing on January 31, Beckett, CBI's Chief Financial Officer, was the only relator that was served and present.[1] Beckett provided some of the documents pursuant to the TRO prior to the hearing. He testified concerning the documents that he had provided, payments CBI received and made relating to the construction of KUMC's building, and the status of construction. Beckett testified that he advised Humphrey by telephone of KUMC's suit but that he did not show Humphrey a copy of KUMC's petition. Harold Dailey, the pastor of KUMC, also testified at the hearing concerning the relationship and dispute between the parties and the status of payments and construction. Dailey estimated that the building was approximately fifty percent complete when CBI stopped construction.

---

[1] Humphrey, individually and as the registered agent for CBI, was not served at the time of the hearing. KUMC provided an affidavit from a service processor showing several attempts to serve Humphrey, and the court granted a motion for substituted service on Humphrey at the conclusion of the injunction hearing. Service was effected on Humphrey the day after the hearing.

2

At the conclusion of the hearing, the trial court entered a temporary injunction. The trial court enjoined relators, Amy Humphrey, and the Humphrey Family Revocable Trust[2] from withdrawing or spending any funds in their possession until judgment:

> IT IS, THEREFORE, ORDERED that Defendants are commanded forthwith to desist and refrain from the following actions until judgment in this cause is rendered by this Court:
>
> a. Withdrawing any funds from the date of this order from the Citizens National Bank of Texas Account No. 040110312;
>
> b. Withdrawing any funds from the date of this order from the JP Morgan Chase Account No. 740595384;
>
> c. Withdrawing any funds from any account where Church Builders, Inc., Church Contractors, Inc., Randy Beckett, Richard Humphrey, Amy D. Humphrey, and/or Humphrey Family Revocable Trust is an owner or signer on the bank account;
>
> d. Transferring, spending or encumbering any funds currently in the possession of Church Builders, Inc., Church Contractors, Inc., Randy Beckett, Richard Humphrey, Amy D. Humphrey, and/or Humphrey Family Revocable Trust; and
>
> e. Transferring, selling or encumbering any real or personal property owned or in the possession of Church Builders, Inc., Church Contractors, Inc., Randy Beckett, Richard Humphrey, Amy D. Humphrey, and/or Humphrey Family Revocable Trust.

---

[2] Amy Humphrey is employed by CBI and was added as a party by KUMC in a second amended petition that was filed January 31—the day of the hearing. She was not served prior to the hearing, and the record is unclear what her relationship is to relators. Similarly, the record is unclear what the Humphrey Family Revocable Trust's role is in the dispute, and the trust was not added as a party.

3

The trial court also ordered relators and Amy Humphrey to take certain actions, including to produce, and in some instances to prepare, thirty-seven categories of documents by February 6 and to appear for their depositions within thirty days of the order.[3] Relators thereafter brought this petition for writ of mandamus and motion for emergency relief.

Relators contend that they do not have an adequate remedy by way of appeal and seek emergency relief because the trial court abused its discretion and compliance with the temporary injunction subjects relators to "immediate risk of financial loss." Relators contend that because all of their business and personal bank accounts are frozen, they are enjoined from even buying groceries. They also contend that the order requires extensive discovery production in an impossibly short period of time.

Mandamus is an extraordinary remedy, available only when a trial court clearly abuses its discretion and when there is no adequate remedy on appeal. *In re Ford Motor Co.*, 165 S.W.3d 315, 317 (Tex. 2005); *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992). Because the injunction at issue here has an immediate financial effect on relators and may cause irreparable harm, the situation before us "involv[es] manifest and urgent necessity," and we conclude the relators do not have an adequate remedy on appeal.[4] *See Walker*, 827 S.W.2d at 840; *see also In re*

---

[3] The trial court granted the injunctive relief requested in KUMC's second amended petition. According to the record, KUMC filed its amended petition on the day of the hearing. KUMC did not provide relators with a copy of the amended petition prior to the hearing, and Beckett, the only relator present, was not aware that KUMC had filed an amended petition seeking greater injunctive relief until the hearing was complete.

[4] Because a party may bring an interlocutory appeal from a temporary injunction, there is generally an adequate remedy on appeal, and mandamus is not an available remedy. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(4) (West Supp. 2007).

*Argyll Equities, LLC*, 227 S.W.3d 268, 273 (Tex. App.—San Antonio 2007, no pet.) (petition for writ of mandamus conditionally granted vacating writ of attachment that froze assets needed to meet present operating costs). We, therefore, turn to whether the trial court clearly abused its discretion in granting the temporary injunction to entitle relators to mandamus relief.

The purpose of a temporary injunction is to preserve the status quo until a trial on the merits. *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002); *Walling v. Metcalfe*, 863 S.W.2d 56, 58 (Tex. 1993). "Status quo is defined as 'the last, actual, peaceable, noncontested status which preceded the pending controversy.'" *Universal Health Servs., Inc. v. Thompson*, 24 S.W.3d 570, 577 (Tex. App.—Austin 2000, no pet.) (quoting *Transport Co. v. Robertson Transports, Inc.*, 261 S.W.2d 549, 553-54 (1953)). Because the decision whether to grant or deny a request for a temporary injunction is within the trial court's discretion, we must view the evidence in the light most favorable to the trial court's order, indulging every reasonable inference in its favor, and determine whether the order was so arbitrary that it exceeds the bounds of reasonable discretion. *Id.* at 576.

To obtain a temporary injunction, KUMC was required to plead and prove a cause of action against relators, a probable right to the relief sought, and "a probable, imminent, and irreparable injury in the interim." *Butnaru*, 84 S.W.3d at 204. Relators' challenge is to the third element. Relators contend that because KUMC can be compensated adequately in damages, and there was no evidence that relators are insolvent, that the trial court abused its discretion by granting injunctive relief pending the trial on the merits.

5

"An injury is irreparable if the injured party cannot be adequately compensated in damages or if the damages cannot be measured by any certain pecuniary standard." *Id.*; *see also Telephone Equip. Network, Inc. v. TA/Westchase Place, Ltd.*, 80 S.W.3d 601, 610-11 (Tex. App.—Houston [1st Dist.] 2002, no pet.) (applicant must show that the defendant is incapable of responding in damages or damages are incapable of calculation to support injunctive relief). KUMC does not contend that its damages are incapable of calculation, and it did not provide evidence that KUMC cannot be adequately compensated in damages.[5] *See also LeFaucheur v. Williams*, 807 S.W.2d 20, 22-23 (Tex. App.—Austin 1991, no writ) (applicant generally must demonstrate either defendant insolvent or applicant's injury not compensable in money damages to support temporary injunctive relief). KUMC pleaded that relators "in all likelihood" are "financially distressed," but it did not provide proof that relators were incapable of responding in damages, i.e., that they were insolvent. KUMC provided evidence of two disputes between two other churches and Church Contractors, Inc., a separate but related company, but this evidence does not support an inference that CBI, or any of the individual relators, is insolvent and unable to pay a judgment.

---

[5] KUMC did not plead or seek an injunction pursuant to the Uniform Fraudulent Transfer Act. *See* Tex. Bus. & Com. Code Ann. § 24.008 (West 2002) (injunctive relief available in action under this title against "further disposition by the debtor or transferee, or both, of the asset transferred or of other property"); *see also Telephone Equip. Network, Inc., v. TA/Westchase, Ltd.*, 80 S.W.3d 601, 610 (Tex. App.—Houston [1st Dist.] 2002, no pet.) (temporary injunction under the Uniform Fraudulent Transfer Act prohibiting party from disposing of assets not an improper pre-judgment attachment of assets). Nothing in this opinion prevents KUMC from amending its pleadings and seeking a temporary injunction reasonable in scope on these grounds.

We conclude that the trial court clearly abused its discretion by enjoining relators pending judgment and that relators do not have an adequate remedy on appeal.[6]  We, therefore, conditionally grant the writ and motion for emergency relief.  The writ will issue only if the trial court does not comply with this opinion.

_____

Jan P. Patterson, Justice

Before Justices Patterson, Puryear and Henson

Filed:   February 21, 2008

---

[6]  Relators raises two other grounds to support mandamus relief. Relators contend that the trial court abused its discretion by ordering relators to prepare and produce thirty-seven categories of documents because KUMC did not show good cause for varying the discovery rules. *See* Tex. R. Civ. P. 191.1.  Relators also contend that the trial court abused its discretion because, as to the parties enjoined, only Beckett had been served, and in any event, relators were not given notice and an opportunity to be heard as to the relief KUMC requested in the second amended petition. *See* Tex. R. Civ. P. 681.  Because we conclude the trial court abused its discretion in ordering injunctive relief and conditionally grant the writ vacating the injunction, we need not address Relators' other grounds for relief.