**Reversed and Remanded and Opinion Filed December 14, 2016**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-16-00968-CV

**PLANO DATA, A RECORD MANAGEMENT COMPANY, L.P. AND PLANO DATA GP LLC, Appellants**
**V.**
**BP AMERICA PRODUCTION COMPANY, BP EXPLORATION & PRODUCTION, INC. AND BP CORPORATION NORTH AMERICA, INC., Appellees**

**On Appeal from the 429th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 429-02721-2016**

## MEMORANDUM OPINION
Before Justices Francis, Brown, and Whitehill
Opinion by Justice Whitehill

This is an interlocutory appeal of a temporary injunction in a contract dispute where the trial court granted BP's request for a temporary injunction ordering Plano Data to (i) facilitate and participate in the permanent bulk removal of records and data from its warehouse after BP terminated the parties' contract and (ii) permit the permanent removal without attempting to first collect a permanent removal fee allegedly due under their contract.

Plano Data argues that (i) BP did not establish its entitlement to mandatory or prohibitory interim injunctive relief, (ii) the bond is defective because it includes only one of the three BP entities; and (iii) the order does not preserve the status quo.

As discussed below, we conclude that the trial court abused its discretion because the injunction does not preserve the status quo and effectively affords BP relief on the merits.

Accordingly, we reverse the trial court's order granting the temporary injunction, dissolve the temporary injunction, and remand to the trial court for further proceedings.

## I. Background

The facts and arguments are well known to the parties, so we need not recite them in detail here. The dispute arises from a contract between Plano Data and BP for the storage of records and data at Plano Data's warehouse. When BP terminated the contract, Plano Data claimed it was entitled to a removal fee before BP permanently removed its property from the warehouse. BP disagreed, sued for breach of contract among other causes of action, and obtained a temporary injunction requiring Plano Data to assist with the data's permanent removal without charging any permanent removal fees.

## II. Analysis

### A. Standard of Review and Applicable Law

In an appeal from an order granting or denying a temporary injunction, the scope of review is restricted to the validity of the order granting or denying relief. *See Argyle ISD ex rel. Bd. of Trustees v. Wolf*, 234 S.W.3d 229, 237 (Tex. App.—Fort Worth 2007, no pet.). We do not review the merits of the underlying case. *See Davis v. Huey*, 571 S.W.2d 859, 861 (Tex. 1978). Whether to grant a temporary injunction is within the trial court's discretion. *Butnaru v. Ford Motor C*o., 84 S.W.3d 198, 204 (Tex. 2002).

A temporary injunction is an extraordinary remedy, the purpose of which is to preserve the status quo of the litigation's subject matter pending trial on the merits. *Id*. In this context, the status quo is the last, actual, peaceable, noncontested status between the parties to the controversy before the suit. *In re Newton*, 146 S.W.3d 648, 651 (Tex. 2004).

To obtain a temporary injunction, an applicant must plead and prove: (1) a cause of action against the defendant; (2) a probable right to the relief sought; and (3) a probable injury in the interim. *Butnaru*, 84 S.W.3d at 204.

There are two types of temporary injunctions: prohibitive and mandatory. A prohibitive injunction forbids conduct whereas a mandatory injunction requires it. *RP&R, Inc. v. Territo*, 32 S.W.3d 396, 400–01 (Tex. App.—Houston [14th Dist.] 2000, no pet.).

A mandatory injunction necessarily changes the status quo. *Id.* Thus, "[w]hile granting a mandatory injunction is within the sound discretion of the trial court, the grant should be denied absent a clear and compelling presentation of extreme necessity or hardship." *Tri-Star Petroleum v. Tipperary Corp.*, 101 S.W.3d 583, 592 (Tex. App.—El Paso 2003, pet. denied).

## B. Does the order preserve the status quo?

Plano Data contends that the trial court abused its discretion because the order alters the status quo between the parties pending a trial on the merits. We agree.

The injunction order enjoins Plano Data from, among other things:

> (c) preventing BP from assessing, collecting, boxing, palletizing, shrink-wrapping, labeling, lifting, moving, loading, destroying, and/or removing its property from Plano Data in accordance with the parameters and guidelines ordered below; and

> (d) requiring BP to agree to pay any sum of money, other than the amounts specifically identified in the parameters and guidelines below, in order to do those things itemized in subparagraph (c) above.

The last, actual peaceable, non-contested status between the parties preceding the controversy was the parties' ordinary course operation under the contract's terms following BP's one-year termination notice. When during the ordinary course BP requested documents or data from the warehouse, Plano Data would retrieve, index, and deliver them and BP would return the documents when it was done with them. The contract terms do not allow BP to collect, box, palletize, shrink-wrap, label, lift, move or load its property in or from Plano Data's warehouse

–3–

and BP was not doing so.  Because the injunction orders these things under threat of contempt, it changes the status quo.[1]

**C     Does the Order have the effect of adjudicating the merits?**

Plano Data argues that this is a breach of contract case and the injunction order effectively provides BP with relief on the merits by adjudicating BP's counterclaim for a warehouse lien.  We agree.

A temporary injunction ruling may not be used to obtain an advance ruling on the merits. *See Iranian Muslim Org. v. City of San Antonio*, 615 S.W.2d 202, 208 (Tex. 1981).  In addition, courts should not enforce contract rights by injunction.  *Butnaru*, 84 S.W.3d at 211.

In response to BP's breach of contract petition, Plano Data counterclaimed, alleging a bailment and requesting foreclosure of its claimed warehouse lien under TEX. BUS. & COM. CODE ANN. § 7.209(a).  That statute provides:

> A warehouse has a lien against the bailor on the goods covered by a warehouse receipt or storage agreement . . . for charges for storage or transportation, including demurrage and terminal charges, insurance, labor, or other charges, present or future, in relation to the goods and for expenses necessary for preservation of the goods or reasonably incurred in their sale pursuant to local law.

*Id.*

We do not opine on whether a lien attached, but note that there is at least a colorable claim to be determined on the merits.  The injunction order, however, essentially gives BP the benefit of a win on this issue by enjoining Plano Data from requiring BP to pay any additional sum of money (other than as specified in the order, which reflects the ordinary course monthly fee that BP was paying Plano Data under the contract) for removing the documents or data.  This result effects an impermissible advance ruling on the merits by giving BP access to its

---

[1] Plano Data urges us to characterize the injunction as mandatory.  Given our disposition, however, we need not and do not address that issue.

documents outside the ordinary course of business as though no such lien applied in this case. *See Iranian Muslim*, 615 S.W.2d at 208.

### III. Conclusion

We conclude that the trial court abused its discretion because the temporary injunction does not preserve the status quo and affords an advance ruling on the merits of Plano Data's counterclaim for foreclosure of a warehouse lien.[2] We thus reverse the trial court's order granting the temporary injunction, dissolve the temporary injunction, and remand to the trial court for further proceedings.

/Bill Whitehill/
BILL WHITEHILL
JUSTICE

160968F.P05

---

[2] Our resolution obviates the need to consider Plano Data's remaining issues. TEX. R. APP. P. 47.1.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

PLANO DATA, A RECORD
MANAGEMENT COMPANY, L.P. AND
PLANO DATA GP LLC, Appellants

No. 05-16-00968-CV        V.

BP AMERICA PRODUCTION
COMPANY, BP EXPLORATION &
PRODUCTION, INC. AND BP
CORPORATION NORTH AMERICA,
INC., Appellees

On Appeal from the 429th Judicial District
Court, Collin County, Texas
Trial Court Cause No. 429-02721-2016.
Opinion delivered by Justice Whitehill.
Justices Francis and Brown participating.

In accordance with this Court's opinion of this date, the order of the trial court is **REVERSED,** the temporary injunction is **DISSOLVED** and this cause is **REMANDED** to the trial court for further proceedings consistent with this opinion.

It is **ORDERED** that appellant PLANO DATA, A RECORD MANAGEMENT COMPANY, L.P. AND PLANO DATA GP LLC recover their costs of this appeal from appellee BP AMERICA PRODUCTION COMPANY, BP EXPLORATION & PRODUCTION, INC. AND BP CORPORATION NORTH AMERICA, INC..

Judgment entered December 14, 2016.