Opinion issued October 30, 2018



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-17-00979-CV

———————————

### THE CITY OF HOUSTON, Appellant

### V.

### DOLCEFINO COMMUNICATIONS, LLC D/B/A DOLCEFINO CONSULTING; AND WAYNE DOLCEFINO, IN HIS INDIVIDUAL CAPACITY, Appellees

---

On Appeal from the 11th District Court
Harris County, Texas
Trial Court Case No. 2017-50825

---

## MEMORANDUM OPINION

In this interlocutory appeal, appellant, the City of Houston, appeals the trial court's orders that granted a motion to compel filed by appellees, Dolcefino Communications, LLC d/b/a Dolcefino Consulting, and Wayne Dolcefino, in His

Individual Capacity ("Dolcefino"). In three issues on appeal, the City argues that the trial court abused its discretion because its order (1) is not permitted by the Texas Public Information Act ("TPIA");[1] (2) did not meet the requirements of a temporary injunction; and (3) granted more relief than Dolcefino requested.

We conclude that we lack jurisdiction over this interlocutory appeal and dismiss.

## Background

The underlying dispute stems from Ecohub LLC's attempt to serve as the recycler for the City. Although negotiations appeared to be fruitful with the City's previous administration, the current City administration declined to contract with Ecohub for its recycling needs. Confused by the City's decision, EcoHub hired Dolcefino, an investigative journalist, to research the City's recycling contracts. Beginning in early 2017, Dolcefino made multiple requests for public records from the City pursuant to the TPIA.[2]

After not receiving the requested documents, EcoHub brought a petition for writ of mandamus[3] on August 1, 2017, asking the trial court to conduct an in camera

---

[1] *See generally* TEX. GOV'T CODE ANN. § 552.001 et seq. (West 2012 & Supp. 2018).

[2] Dolcefino made requests on January 6, March 21, June 21, July 5, July 12, July 19, July 25, and August 10, 2017.

[3] *See* TEX. GOV'T CODE ANN. § 552.321 (West 2012).

inspection of the responsive documents that the City claimed were exempt from disclosure. The City answered and generally denied the allegations, asserted sovereign immunity and governmental immunity and further asserted that EcoHub did not have standing to bring a petition for writ of mandamus.

In its live petition, its second amended petition for writ of mandamus filed on October 31, 2017,[4] Dolcefino requested the trial court to require the City to "produce. . . either the public records it has agreed to produce but has not yet produced, or the records responsive to the July 25, 2017 Request" and "conduct an in camera inspection. . . to ensure that all responsive (but withheld) records that [the City] claim are not exempt do in fact qualify for the claimed exemptions."

On October 24, 2017, the City of Houston moved for partial summary judgment against EcoHub, pointing out that the requests made to the City were from Wayne Dolcefino or Dolcefino consulting and that EcoHub lacked standing to bring a petition for writ of mandamus. The trial court subsequently denied the City's motion for partial summary judgment.[5]

---

[4]     In its first amended petition, EcoHub, now joined by Dolcefino, asserted that it also made a July 25, 2017 TPIA request, which the City neither acknowledged receipt of, nor did it timely seek an attorney general opinion required by section 552.301(b). *See* TEX. GOV'T CODE ANN. § 552.301(b) (West 2012). Dolcefino requested that the City should disclose the public records and that the trial court should issue an order compelling production of all public records responsible to the July 25, 2017 request "no later than 5 calendar days after the Court signs the order to compel."

[5]     While this appeal was pending, we granted the parties' unopposed motion to lift the automatic stay below to allow EcoHub to non-suit its claims in the trial court. After

A few days after filing its second amended petition for writ of mandamus, Dolcefino filed a motion to compel production of documents and an amended motion to compel on November 20. In its amended motion to compel, Dolcefino stated that it sent a TPIA request on July 25, 2017, but the City never responded. Dolcefino also stated that the City failed to get more time within the 10-day period found in the TPIA. Dolcefino therefore requested an order from the trial court to have the City fully comply with its July 25 TPIA request. Dolcefino further requested that the trial court compel the City to produce, for the trial court's in camera inspection, all public information included within Dolcefino's other TPIA requests dated January 6, March 21, June 21, July 5, July 12, July 19, and August 10, 2017. Dolcefino further argued that after the in camera inspection, the trial court should order the City to produce all responsive public information not subject to a statutory exemption within five days of the trial court's ruling.

The City responded, arguing that Dolcefino's amended motion to compel was moot because the City provided the documents pursuant to the July 25 request within 45 days, a reasonable period of time after it learned about Dolcefino's request.[6] The

---

EcoHub filed a motion to dismiss itself as a party to this appeal, stating that all of its claims had been nonsuited in the trial court, we granted EcoHub's motion and dismissed it from this appeal.

[6] The City explained that it overlooked Dolcefino's July 25, 2017 request and was unaware of it until Dolcefino sent a follow-up letter in October 2017.

4

City also agreed to provide the requested public records in camera for the trial court's review.

On December 6, 2017, the trial court granted Dolcefino's motion to compel, ordering the City to (1) produce all public information responsive to Dolcefino's July 25 TPIA request no later than January 5, 2018; (2) certify in writing that it has fully and completely responded to Dolcefino's July 25 request; (3) produce all public information that has not been submitted to the Court for in camera review regarding Dolcefino's seven TPIA requests; and (4) certify in writing that it has fully and completely responded to Dolcefino's TPIA requests.

On December 21, 2017, the City filed a motion to reconsider, arguing that the trial court's order granted relief on the merits. The City pointed out that the trial court may order information to be discovered but only "under a protective order until a final determination is made."[7] The City also complained about the portion of trial court's order that required it to certify in writing that it has complied with Dolcefino's TPIA requests because it granted relief that Dolcefino did not even seek.

The trial court held a hearing on the City's motion for reconsideration. At the hearing, the City's counsel agreed with the trial court that Dolcefino's petition for writ of mandamus sought to obtain the documents that the City believed did not need

---

[7]     See TEX. GOV'T CODE ANN. § 552.322 (West 2012).

5

to be produced, which was based on the attorney general's opinion that certain information was exempt from disclosure.  When the trial court inquired whether the City had produced documents in response to the TPIA requests, the City answered that it was still in the "continuing process of doing so."  The trial court then asked if the City produced the documents requested by Dolcefino in January 2017 to which the City answered, "We're still working on some production, yes, Your Honor."  The trial court again asked if "there are documents that maybe responsive to the TPIA requests that have not been withheld under some sort of privilege or exclusion?"  One City attorney answered, "I believe that's right."  Another City attorney answered, "I don't think that's right."

After further discussions, the trial court stated, "So then if you've produced everything responsive, except for the documents you've submitted in camera, which I haven't ruled on yet, what's the issue?  The City responded, "The issue is that we have an improper motion to compel documents that's procedurally not authorized under the rules—"  The trial court then asked, "Isn't it moot, since you produced everything?"  The City responded, "We have a pending order, and—do we have anything else about the documents that goes to this?  There is—we cannot have an order compelling the City to do something that's improper under the Rules of Procedure or the mandamus provision of the TPIA."  The following exchange between the trial court and two attorneys for the City continued:

| | |
|---|---|
| Court: | So you can tell me that you have produced all documents that you have not sought in-camera review on? |
| Casey: | Your Honor, we can tell you that we've complied with the TPIA. The TPIA is not, You produce all documents. The TPIA— |
| Court: | No. You have produced—you have produced the documents that were requested under the TPIA that you have not— |
| Casey: | In compliance with the TPIA. If there is some stray documents somewhere that they come up with—it's similar to doing a due diligence under a request for production. So we have—we're complying with the standards of the TPIA. The order does not make us comply with the standards of the TPIA. The order is outside of the TPIA. |
| Court: | What language do you think needs to be in the order to make sure it gets the TPIA? |
| De Leon: | There is no language that can be in the order to compel that could comply with the TPIA, except maybe for purposes of production for in-camera inspection, and that's it. The TPIA does not authorize a motion to compel production of documents. It authorizes a suit for petition for writ of mandamus. That is the claim. It's like—this may not be the best analogy, but's the quickest one I can think of. Filing a suit for breach of contract and the plaintiff coming in and saying, Well, the filing—filing a motion to compel. Well, they breached the contract, they owe me $100,000, so motion to compel $100,000. That's what they've basically got through this order is relief on the merits. |

On March 29, 2018, the trial court issued an amended order, requiring the City

to state in writing that it has complied with Dolcefino's July 25, 2017 TPIA request.

The trial court's amended order also stated that the City submitted documents in camera and therefore required the City to state in writing, with the exception of documents withheld for in camera inspection, that it has fully and completely responded to Dolcefino's TPIA requests dated: January 6, March 21, June 21, July 5, July 12, July 19, and August 10.

After the trial court issued its amended order on Dolcefino's amended motion to compel, the City filed a notice of appeal, noting that it was an interlocutory appeal of a grant of a temporary injunction.

**Jurisdiction**

As a threshold matter, we must determine if we have jurisdiction over this case as an interlocutory appeal. This Court generally has jurisdiction over appeals from a final judgment unless a statute authorizes an interlocutory appeal. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 51.012, 51.014(a)(1)–(13) (West 2015 & Supp. 2018) (listing appealable interlocutory orders); *CMH Homes v. Perez*, 340 S.W.3d 444, 447 (Tex. 2011) ("Unless a statute authorizes an interlocutory appeal, appellate courts generally only have jurisdiction over appeals from final judgments."). The City, in its notice of appeal of the trial court's amended order,[8] states that this is an

---

[8] The trial court rendered two orders on Dolcefino's amended motion to compel— one order on December 6, 2017 and a second amended order on March 29, 2018. Because the trial court rendered an amended order on March 29, 2018, the trial court's previous December 6, 2017 order is rendered moot. *See In re Office of Attorney Gen.*, 276 S.W.3d 611, 617 (Tex. App.—Houston [1st Dist.] 2008, orig.

accelerated interlocutory appeal of a grant of a temporary injunction. *See* Tex. Civ.

Prac. & Rem. Code Ann. § 51.014(a)(4) (West Supp. 2018) (stating that granting

or refusing temporary injunction is reviewable on interlocutory appeal). Thus,

whether we have jurisdiction depends on whether the trial court's amended order

can properly be characterized as a temporary injunction.

On appeal, the City argues that the trial court's amended order is a temporary

injunction because it required the City to "state" in writing if it has fully and

completely responded to the TPIA requests at issue, it was effective immediately, it

was designed to operate during the pendency of the suit, and it imposed a deadline

for compliance by the City. Dolcefino responds that the orders amount to nothing

more than the trial court trying to manage its docket.

---

proceeding) ("This amended order superseded the August 8 order and moots the OAG's complaint about the August 8 order."); *In re K.L.R.*, 162 S.W.3d 291, 301 (Tex. App.—Tyler 2005, no pet.) (noting that complaints relating to temporary orders that have been superseded by final order are moot); *Anderson v. Teco Pipeline Co.*, 985 S.W.2d 559, 562 (Tex. App.—San Antonio 1998, pet. denied) (holding that a later judgment, styled "amended final judgment," implicitly vacated an earlier judgment, styled "final judgment"); *see also Erlewine v. Erlewine*, No. 03–06–00308–CV, 2007 WL 2462042 (Tex. App.—Austin Aug. 29, 2007, no pet.) (mem. op.); *Nexus Fuels, Inc. v. Hall*, No. 05–98–02147–CV, 1999 WL 993929, at *2 (Tex. App.—Dallas Nov. 1, 1999, no pet.) (not designated for publication) (stating that "[o]nce an amended order is entered, it supersedes the original order" and concluding that because original order had been superseded, appellant's complaints regarding merits of original order were moot). Thus, the City's complaints about the trial court's December 6, 2017 order are moot, and we confine our discussion to the March 29, 2018 amended order.

Although styled as an order granting a motion to compel, "it is the character and function of an order that determine its classification." *Del Valle Indep. Sch. Dist. v. Lopez*, 845 S.W.2d 808, 809 (Tex. 1992). "The purpose of a temporary injunction is to preserve the status quo of the subject matter of a suit pending a final trial of the case on its merits." *Camp v. Shannon*, 162 Tex. 515, 348 S.W.2d 517, 519 (Tex. 1961). The writ restrains the doing of certain acts during the pendency of the suit to which it is ancillary. *See Laredo Junior Coll. Dist. v. Zaffirini*, 590 S.W.2d 535, 536 (Tex. Civ. App.—San Antonio 1979, writ ref'd n.r.e.) (citing *Riggins v. Thompson*, 96 Tex. 154, 71 S.W. 14 (Tex. 1902)).

There are two general types of temporary injunctions: prohibitive and mandatory. *RP & R, Inc. v. Territo*, 32 S.W.3d 396, 400 (Tex. App.—Houston [14th Dist.] 2000, no pet.); *LeFaucheur v. Williams*, 807 S.W.2d 20, 22 (Tex. App.—Austin 1991, no pet.). A prohibitive injunction forbids conduct, whereas a mandatory injunction requires it. *Lifeguard Benefit Servs., Inc. v. Direct Med. Network Sols., Inc.*, 308 S.W.3d 102, 112 (Tex. App.—Fort Worth 2010, no pet.); *RP & R, Inc.*, 32 S.W.3d at 400. A temporary mandatory injunction changes the status quo. *RP & R, Inc.*, 32 S.W.3d at 401. Consequently, it should only be granted when necessary to prevent irreparable injury or extreme hardship. *Iranian Muslim Org. v. City of San Antonio*, 615 S.W.2d 202, 208 (Tex. 1981); *RP & R, Inc.*, 32 S.W.3d at 401; *LeFaucheur*, 807 S.W.2d at 22. A trial court has the power to grant

a temporary mandatory injunction only when the circumstances justify it. *RP & R, Inc.*, 32 S.W.3d at 400–01; *Rhodia, Inc. v. Harris Cty.*, 470 S.W.2d 415, 419 (Tex. Civ. App.—Houston [1st Dist.] 1971, no writ). While granting a mandatory injunction is within the sound discretion of the trial court, the grant should be denied absent a clear and compelling presentation of extreme necessity or hardship. *RP & R, Inc.*, 32 S.W.3d at 401; *Rhodia*, 470 S.W.2d at 419.

The City cites two cases in support of its argument that the trial court's amended order is a temporary injunction. In *Qwest v. AT&T Corp.*, the trial court entered an order restricting Qwest's activities for a period of three years and commanded Qwest to "undertake certain monitoring and notice provisions when conducting certain boring operations." 24 S.W.3d 334, 336 (Tex. 2000). The court of appeals dismissed the appeal because the order did not meet the "traditional requirements" of a temporary injunction—preserve the status quo, require a bond, set a trial date, or limit the duration until further order of the court. *Id*. at 335. The supreme court reversed, stating "[b]ecause the trial court's order place[d] restrictions on Qwest and [was] made effective immediately so that it operate[d] during the pendency of the suit, it function[ed] as a temporary injunction. *Id*. at 337. The supreme court explained that "it is the character and function of an order that determine its classification." *Id*. at 336.

11

The City also cites *Helix Energy Solutions Group, Inc. v. Howard*, a Jones Act case, in which the trial court ordered Helix to (1) make retroactive and continuing maintenance payments; (2) pay reasonable and customary charges for Howard's medical treatment; and (3) continue paying maintenance and cure until the trial court made further orders. 452 S.W.3d 40, 42 (Tex. App.—Houston [14th Dist.] 2014, no pet.). Our sister court concluded, "Because the interlocutory order in this case requires Helix to perform certain actions—specifically, to make continuing payments to Howard—it is a classic example of a mandatory injunction." *Id.* at 44.

Here, Dolcefino's amended motion to compel requested the trial court to order the City to release public information that it had already agreed to turn over, but had yet to do so. It further asked the City to submit information to the trial court for in camera review. In its response to the amended motion to compel, the City stated that the July 25 request for public information was moot because it had already given the public information to Dolcefino. But, at the hearing on the City's motion for reconsideration of the trial court's order granting the motion to compel, when asked if everything had already been turned over, the City gave conflicting answers. As a result, the trial court's amended order required the City to state whether it had, in fact, complied with Dolcefino's TPIA requests.

Thus, unlike *Qwest* and *Helix*, the trial court's amended order does not require the City to perform any action that rises to the level of an injunction. Instead, the amended order merely attempts to clarify whether the City has complied with the TPIA requests, other than the documents that have been submitted to the trial court for in camera review, and to narrow the issues that are actually in dispute. For example, the trial court does not need to address public information that the City has already produced to Dolcefino and that is not in dispute. Rather, the trial court need only focus on the documents submitted for in camera review.[9] *See* TEX. GOV'T CODE ANN. § 552.3221 (West Supp. 2018).

After considering the character and function of the trial court's amended order, we conclude that ordering the City to clarify whether it has complied with TPIA requests, after getting conflicting information at a hearing and learning that the City has not complied with requests dating back to January 2017, does not amount to a temporary injunction. Accordingly, we disagree with the City that the trial court's amended order serves as a temporary injunction.[10] As such, the trial court's amended order is a non-appealable interlocutory order.

---

[9] The trial court may also need to determine whether the City has a compelling reason to withhold information even though it failed to seek an attorney general opinion. *See* TEX. GOV'T CODE ANN. § 552.302 (West 2012).

[10] We also note that the City never argued below that that the trial court's interlocutory order amounted to a temporary injunction. Instead, the City's argument has been that Dolcefino's amended motion to compel was not authorized by the TPIA. We

13

**Alternative Relief**

The City alternatively requests that if we conclude that the amended order is an unappealable interlocutory order, we should treat its brief as a petition for writ of mandamus. *See CMH Homes v. Perez*, 340 S.W.3d 444, 453 (Tex. 2011). Even if we considered appellant's brief as a petition for writ of mandamus, we would conclude that the City has not shown that they are entitled to mandamus relief based on the record before us. *See* TEX. R. APP. P. 52.8(a).

Accordingly, we dismiss the appeal for lack of jurisdiction. We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Brown and Caughey.

---

express no opinion on this complaint other than noting that the TPIA specifically states that it does not affect the scope of civil discovery under the Texas Rules of Civil Procedure. *See* TEX. GOV'T CODE ANN. § 552.005 (West 2012).

14